793 A.2d 856 (2002)
349 N.J. Super. 455
Lester FUSCO, Plaintiff-Appellant,
v.
BOARD OF EDUCATION OF THE CITY OF NEWARK, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Argued March 13, 2002.
Decided April 1, 2002.
*857 Raymond W. Fisher, Florham Park, argued the cause for appellant (Schwartz, Simon, Edelstein, Celso & Kessler, attorneys; Stephen J. Edelstein, of counsel; Mr. Edelstein and Stefani C. Schwartz, on the brief).
Teresa L. Moore, Newark, argued the cause for respondent (McCarter English, attorneys; Steven B. Hoskins, of counsel; James C. Jacobus, on the brief).
Before Judges BAIME, FALL and AXELRAD.
The opinion of the court was delivered by AXELRAD, J.T.C. (temporarily assigned).
Plaintiff, Lester Fusco, a former principal in the Newark School District, appeals from the denial of his motion for reconsideration of a prior order which granted summary judgment to defendant, Board of Education of the City of Newark ("School District").
Fusco was employed by the School District from 1961 until his retirement in 1997, at the age of fifty-nine. From 1986 to 1996, he served as a principal at several different schools, concluding with Roseville Avenue School from 1992 through January 1996. Fusco's reassignments were at the behest of the School District. He did not have a formal employment contract with the School District, but held tenured status pursuant to N.J.S.A. 18A:28-5.
From January to September 1996, Fusco took an extended paid leave of absence for reconstructive right knee surgery. In May 1996, Fusco advised the School District that his surgeon had cleared him to return to work approximately August 19, 1996. On August 13, 1996, he was notified that he was being reassigned as principal of McKinley Elementary School. Principals were scheduled to return to work on August 20, 1996; however, on August 15, 1996, Fusco notified the School District that he was still under medical care, had not been released to return to work and would advise of his status after his re-evaluation on August 29, 1996.
On September 6, 1996, Fusco submitted a disability certificate from his treating physician releasing him to return to work on September 9, 1996 "with restrictions," *858 and after being cleared by the School Board's physician, returned to work on September 20, 1996. In his absence, another principal had been assigned to the McKinley Elementary School. Fusco was informed that before reassignment he would need to receive the principal training he missed while on leave, and was sent to the administrative offices on the ninth floor, which were accessible by elevator, to review the materials. On September 27, 1996, Fusco notified the School Board he was "applying for terminal leave as per CASA contract [principals' collective bargaining agreement] to commence on or about January 27, 1997, through June 31, 1997. Retiring from the Newark Public Schools as of July 1, 1997 [when his terminal leave ended]." Fusco was paid his full salary during the entirety of his terminal leave.
On September 15, 1998, Fusco filed a complaint against the School District, alleging handicap and age discrimination under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to -49 ("LAD"), breach of the School District's implied covenant of good faith and fair dealing, intentional infliction of emotional distress, and seeking lost income, reinstatement of employment with retroactive restoration of benefits, punitive damages, counsel fees and costs.
On November 17, 2000, Judge F. Michael Caruso granted defendant's motion for summary judgment and dismissed Fusco's complaint in its entirety with prejudice. The judge concluded that he was "satisfied the actions and the conduct of the plaintiff were strictly voluntary and the school system had nothing to do with his submission of his termination ... for all of the reasons posed by the defendants."
On December 19, 2000, Fusco moved for reconsideration under Rule 4:49-2, requesting that "in the interest of justice, the court should consider this newly discovered evidence." The proffered evidence was a Notice of Determination by the New Jersey Department of Labor Unemployment and Disability Insurance Services ("Unemployment Determination"), in response to Fusco's application for unemployment benefits, which stated:
YOU ARE HEREBY NOTIFIED THAT BASED UPON THE FACTS OBTAINED AND IN ACCORDANCE WITH THE NEW JERSEY UNEMPLOYMENT COMPENSATION LAW, THE DEPUTY ... HAS DETERMINED THAT:
YOU ARE ELIGIBLE FOR BENEFITS FROM 7/01/97.
YOU RETIRED FROM YOUR JOB WHEN NO POSITION WAS OFFERED AFTER YOUR SICK LEAVE. YOU QUIT YOUR JOB WITH GOOD CAUSE ATTRIBUTABLE TO THE WORK. YOU ARE ELIGIBLE FOR BENEFITS.
The date of mailing listed on the determination is "9/03/97."
At argument on the motion for reconsideration, Fusco's counsel acknowledged that he had the Unemployment Determination "for quite a while," long before the motion day. He explained that it was not submitted in opposition to the summary judgment motion because
based upon the testimony of Mr. Fusco we felt there was sufficient evidence in the record supporting his theory of constructive discharge. This document here from the Division of Unemployment Insurance is a finding that Mr. Fusco was not offered a job and that he was forced to quit with good cause attributable to his work.
The judge denied Fusco's motion for reconsideration, ruling that "I'm satisfied *859 that nothing new has been presented to this Court which would affect my decision. There's no new evidence submitted." The order was signed on January 19, 2001.
On March 2, 2001, Fusco's counsel filed a notice of appeal "of the order entered in this action on January 19, 2001 in favor of Board of Education of the City of Newark." In his Case Information Statement ("CIS") of the same date, he noted that he was appealing "January 19, 2001, Plaintiff's Motion for Reconsideration denied" and the proposed issue to be raised on appeal was "[w]hether it was proper for the Court not to consider new, independent evidence submitted in support of plaintiff's theory that he was constructively discharged at the motion for reconsideration." In defendant's CIS filed on March 30, 2001, counsel noted, in relevant part, that "[o]n January 19, 2001, the Law Division (Judge Caruso) denied the motion for reconsideration. This denial forms the sole basis for this appeal."
In his brief on appeal, Fusco's counsel asserts that the trial court erred in: (I) granting summary judgment; (II) dismissing plaintiff's claim of violations of the LAD; (III) dismissing plaintiff's claims for breach of the implied covenant of good faith and fair dealing; (IV) dismissing plaintiff's claims for punitive damages; and (V) failing to state clearly its findings in deciding defendant's motion for summary judgment.
Defendant asserts that this appeal is limited to the sole issue raised in plaintiff's notice of appeal, i.e., the judge's denial of the motion for reconsideration. As a protective measure, defendant's brief also responds to the substantive issues raised by plaintiff in connection with the court's grant of summary judgment. We agree with defendant's procedural argument and affirm.
Fusco's counsel did not indicate in his notice of appeal or case information statement that he was appealing from the order of November 17, 2000, granting defendant's motion for summary judgment. To the contrary, both documents only referenced the January 19, 2001 reconsideration order. Even after receipt of defendant's CIS, Fusco's counsel never sought to clarify or amend his notice of appeal.
We are satisfied that the arguments contained in the brief submitted by Fusco's counsel pertaining to the November 17, 2000 grant of summary judgment are not properly before us for review. We are not persuaded by the conclusory statement in plaintiff's reply brief that
the substantive legal holding of the trial court pronounced in adjudication to Fusco's motion for summary judgment as well as the motion for reconsideration have been properly briefed and are before this Court. In other words, the basis for the trial court's ruling on the motion for summary judgment and the ruling on the motion for reconsideration are one and the same.
We are mindful of the fact that in some cases a motion for reconsideration may implicate the substantive issues in the case and the basis for the motion judge's ruling on the summary judgment and reconsideration motions may be the same. In such cases, an appeal solely from the grant of summary judgment or from the denial of reconsideration may be sufficient for an appellate review of the merits of the case, particularly where those issues are raised in the CIS.[1] However, that is not what occurred here. In his notice of motion, as *860 well as his notice of appeal and CIS, Fusco's counsel made his position crystal clear. Fusco's motion for reconsideration was limited to the single issue of whether the Unemployment Determination provided a valid basis as "newly discovered evidence" for Judge Caruso to reconsider his ruling as to defendant's summary judgment motion. That was the sole issue ruled on by the motion judge, and the sole issue raised on appeal.
Judge Pressler's comment to the relevant court rule states that "it is clear that it is only the judgments or orders or parts thereof designated in the notice of appeal which are subject to the appeal process and review." Pressler, Current N.J. Court Rules, comment 6 on R. 2:5-1(f)(3)(i) (2002); see Sikes v. Township of Rockaway, 269 N.J.Super. 463, 465-66, 635 A.2d 1004 (App.Div.), aff'd o.b. 138 N.J. 41, 648 A.2d 482 (1994); Campagna v. American Cyanamid Co., 337 N.J.Super. 530, 550, 767 A.2d 996 (App.Div.), certif. denied, 168 N.J. 294, 773 A.2d 1158 (2001). The order granting summary judgment is not before us for review. We will, therefore, address only the court's January 19, 2001 order denying reconsideration.[2]
The sole issue decided by the January 19, 200l order, and raised in Fusco's motion for reconsideration, was whether or not the Unemployment Determination was sufficient evidence to send the case to the jury. We discern no abuse of discretion in the trial court's refusal to consider this document under Rule 4:49-2. and 4:50-1(b). Motions for reconsideration are granted only under very narrow circumstances:
Reconsideration should be used only for those cases which fall into that narrow corridor in which either (l) the Court has expressed its decision based upon a palpably incorrect or irrational basis, or (2) it is obvious that the Court either did not consider, or failed to appreciate the significance of probative, competent evidence.

[D'Atria v. D'Atria, 242 N.J.Super. 392, 401, 576 A.2d 957 (Ch.Div.1990); R. 4:49-2; accord Cummings v. Bahr, 295 N.J.Super. 374, 384, 685 A.2d 60 (App.Div.1996).]
Plaintiff does not claim that the trial court erred or that it overlooked evidence presented on the motion for summary judgment but, rather, that the court did not consider certain evidence which was "newly discovered." The court properly rejected the Unemployment Determination as newly discovered evidence. This notice was sent to Fusco's home in September 1997, his counsel produced the document to the School District during discovery in the action, and neither party submitted this document on the School District's summary judgment motion. Fusco's counsel either made a tactical decision not to present the document the first time around or overlooked it in his initial argument. He cannot now seek to bring this document in under the guise of reconsideration after defendant prevailed on summary judgment. See Cummings, supra, 295 N.J.Super. at 388, 685 A.2d 60; see also Morey v. Wildwood Crest, 18 N.J.Tax 335, 339 (App.Div.1999) (holding that plaintiff is not entitled to reconsideration *861 on the basis of evidence it had available and overlooked in its initial argument), certif. denied, 163 N.J. 80, 747 A.2d 287 (2000). To validate such a practice would encourage attorneys to hold back evidence and move for reconsideration on a regular basis in order to get "a second bite of the apple" if their adversary prevailed on the initial motion.
Neither are we satisfied that, even if it had been considered, the Unemployment Determination would necessarily have created any issue of material fact that would have defeated summary judgment for defendant. The determination was made "BASED UPON THE FACTS OBTAINED," presumably based on information provided by Fusco in an uncontested proceeding, "IN ACCORDANCE WITH THE NEW JERSEY UNEMPLOYMENT COMPENSATION LAW." Additionally, there is an entirely different standard for receipt of unemployment benefits and the proof required is less stringent than that required to prove constructive discharge. See N.J.S.A. 43:21-4 to -6(b)(1). The granting of plaintiff's application for unemployment benefits does not establish that he was constructively discharged and suffered an adverse employment action under the LAD.
Affirmed.
NOTES
[1] An appellant, however, proceeds at his or her peril by insufficiently completing the notice of appeal or CIS. The appellant should explicitly designate all judgments, orders and issues on appeal in order to assure preservation of their rights on appeal. R. 2:5-1(f).
[2] It appears that Fusco's motion for reconsideration was not timely filed. Pursuant to Rule 4:49-2, such motion must be served not later than twenty days after service of the order. The summary judgment order is dated November 17, 2000, and was presumably served on plaintiff's counsel shortly thereafter. Fusco's motion for reconsideration was filed on December 19, 2000, thirty-two days later. As this issue was not raised by defendant before the motion judge or on appeal, we will deem it waived and address the merits of Fusco's appeal of the reconsideration order.