**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5635-14T1

WELLS FARGO BANK, N.A.,

    Plaintiff-Respondent,

v.

NHIN DANG,

    Defendant-Appellant,

and

MRS. NHIN DANG,

    Defendant.

_____

        Submitted March 9, 2017 — Decided May 10, 2017

        Before Judges O'Connor and Whipple.

        On appeal from Superior Court of New Jersey,
        Chancery Division, Atlantic County, Docket No.
        F-014747-12.

        Law Offices of David J. Khawam, L.L.C.,
        attorneys for appellant (Mr. Khawam, on the
        brief).

        Reed Smith, L.L.P., attorneys for respondent
        (Henry F. Reichner, on the brief).

PER CURIAM

Defendants, Nhin Dang and his wife, Mrs. Nhin Dang, appeal from a June 4, 2015 final judgment in a residential mortgage foreclosure action.[1]  For the reasons that follow, we affirm.

Defendants borrowed $190,400 from Cardinal Financial Company, L.P. (Cardinal), on November 15, 2007, in connection with the purchase of a residential property.  Defendants agreed to monthly payments of $1203.46, with a fixed interest rate of 6.5% annually. A note payable over thirty years secured the loan.  Defendants executed a mortgage to secure the note, naming Mortgage Electronic Registration Systems, Inc. (MERS) as the nominee for Cardinal, its successors, and assigns.

The note was subsequently endorsed to Franklin American Mortgage Company, who then endorsed the note to plaintiff Wells Fargo Bank, N.A. around the same time defendants defaulted on the loan in June 2011.  Plaintiff sent notices of intention to foreclose on July 3, 2011, and December 19, 2011.  MERS assigned the mortgage to plaintiff on September 1, 2011, and the Atlantic County Clerk recorded the assignment on September 8, 2011.

Plaintiff filed a foreclosure complaint against defendants on July 27, 2012.  Defendants filed an answer and counterclaims

---

[1]  The final judgment refers to both Mr. and Mrs. Nhin Dang.  We refer to Mrs. Nhin Dang here generically, as Mr. Nhin Dang is the only signature on the mortgage application, despite her being a party in the action.

on September 18, 2012.  Plaintiff moved to strike defendants' answer and dismiss the counterclaims, which the court treated as unopposed, because counsel for defendants did not send any opposition until the day before the hearing.  Finding no basis for defendants' counterclaims, the trial judge granted plaintiff's motion and the case went back to the Office of Foreclosure.

Plaintiff and defendants entered into mediation in January 2013, but by March, defendants ceased communicating and the mediation terminated.  On December 20, 2013, the court issued a foreclosure dismissal notice, informing the parties the case would be dismissed for lack of prosecution under Rule 4:64-8 unless plaintiff took steps to either litigate the matter or file a certification of exceptional circumstances.  Plaintiff mailed a notice pursuant to of the Fair Foreclosure Act (FFA), N.J.S.A. 2A:50-58, to defendants on January 8, 2014.

On January 17, 2014, plaintiff filed an updated certification of exceptional circumstances and mailed a notice of motion for final judgment to defendants.  The trial court found no exceptional circumstances and dismissed plaintiff's action without prejudice for lack of prosecution, pursuant to Rule 4:64-8, subject to reinstatement for good cause shown.

It was not until December 17, 2014, that plaintiff moved to reinstate the case to active status.  Plaintiff's motion was

unopposed, and on January 13, 2015, the trial judge ordered the matter reinstated upon the filing of a motion for final judgment with the Office of Foreclosure within 120 days. Defendants moved for reconsideration, which the court denied on March 10, 2015.

Plaintiff moved for final judgment on April 30, 2015. On June 4, 2015, the trial judge ordered defendants to pay plaintiff $244,889.78 at an interest rate of 6.5%, along with attorney's fees of $2598.90, and ordered the mortgaged property sold to satisfy the debt.

This appeal followed. We begin by noting defendants' notice of appeal (NOA) only addresses the June 4, 2015 final judgment, but defendants' arguments on appeal challenge the January 13, 2015 motion to reinstate the foreclosure complaint and the March 10, 2015 denial of defendants' motion for reconsideration. Rule 2:5-1(f)(3)(A) provides, "[I]t is only the judgments or orders or parts thereof designated in the [NOA] which are subject to the appeal process and review." Pressler & Verniero, Current N.J. Court Rules, cmt. 6.1 on R. 2:5-1 (2011). We will consider orders not referenced in the NOA if the civil case information statement (CIS) places the adversary on notice of the intended scope of appeal. See Ahammed v. Logandro, 394 N.J. Super. 179, 187-88 (App. Div. 2007).

We may also consider an order not identified in the NOA where "the basis for the motion judge's ruling on [an order and subsequent order] may be the same. In such cases, an appeal [from the subsequent order] may be sufficient for an appellate review of the [earlier order], particularly where those issues are raised in the CIS," Fusco v. Bd. of Educ. of Newark, 349 N.J. Super. 455, 461 (App. Div.), certif. denied, 174 N.J. 544 (2002), by "clearly indicat[ing]" the earlier order is "one of the primary issues presented by the appeal." Synnex Corp. v. ADT Sec. Servs., Inc., 394 N.J. Super. 577, 588 (App. Div. 2007).

The civil CIS herein does not clearly provide plaintiff with notice defendants are appealing from the January 13, 2015 order reinstating the complaint and the March 10, 2015 denial of defendants' motion for reconsideration, nor are the aforementioned motions based primarily on the same reasoning as the June 4, 2015 final judgment. Our review is therefore limited to entry of the June 4, 2015 final judgment.

Defendants' argue the final judgment must be vacated because plaintiff failed to comply with the requirements of the FFA, specifically, the notice requirement. We disagree.

The FFA was designed to ensure homeowners were given opportunity to pay their mortgages and keep their homes. N.J.S.A. 2A:50-54. A central component of the FFA requires lenders to

provide timely and clear notice to homeowners of an impending foreclosure action. <u>US Bank Nat'l Ass'n. v. Guillaume</u>, 209 <u>N.J.</u> 449, 470 (2012). <u>N.J.S.A.</u> 2A:50-56(a) requires homeowners be given notice of the lender's intention to foreclose at least thirty days in advance of the commencement of the action. The notice must be in writing, mailed to the debtor by registered or certified mail, and must "clearly and conspicuously state in a manner calculated to make the debtor aware of the situation." <u>N.J.S.A.</u> 2A:50-56(b) and (c).

Defendants argue, because the foreclosure complaint was dismissed without prejudice for lack of prosecution pursuant to <u>Rule</u> 4:64-8 on February 7, 2014, plaintiff should have filed another thirty-day notice of its intention to foreclose pursuant to <u>N.J.S.A.</u> 2A:50-56 when it submitted its motion to reinstate the complaint in December 2014.

There is no case law or statutory authority to support defendants' position. The initial notice of intention to foreclose satisfied <u>N.J.S.A.</u> 2A:50-56, and the complaint was not dismissed due to a deficiency in notice; the complaint was dismissed for a lack of prosecution pursuant to <u>Rule</u> 4:64-8. <u>Rule</u> 4:64-8 states,

> when a foreclosure matter has been pending for twelve months without any required action having been taking therein, the . . . Court shall issue written notice to the parties advising that the matter as to . . . defendant

> will be dismissed without prejudice [thirty]
> days following the date of the notice.

The matter may be reinstated after dismissal on a motion for good cause shown. Ibid. The "dismissal of a foreclosure action, without prejudice, has no effect on the underlying contractual obligations of the parties and 'does not bar reinstitution of the same claims in a later action.'" EMC Mortg. Corp. v. Chaudri, 400 N.J. Super. 126, 140 (App. Div. 2008) (quoting Woodward-Clyde Consultants v. Chem. & Pollution Scis., Inc., 105 N.J. 464, 472 (1987)).

Defendants' obligation to pay their mortgage continued after dismissal of the initial complaint. The original notice of intention to foreclose provided defendants sufficient notice, pursuant to N.J.S.A. 2A:50-56, of plaintiff's intention to foreclose. The dismissal of the initial complaint did not forego defendants' contractual obligations to plaintiff. Defendants also had notice of plaintiff's motion to reinstate the complaint in December 2014, which they did not oppose. No statutory authority or case law requires plaintiff to provide defendant with a second notice of intention to foreclose prior to moving to reinstate the complaint after dismissal without prejudice for lack of prosecution pursuant to Rule 4:64-8.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7                                                                    A-5635-14T1