**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4090-15T4

JENNIFER PARELLA and
THOMAS PARELLA,

    Plaintiffs-Appellants,

v.

RICHARD COMPEAU and ROSANNA
DIMARZIO,

    Defendants-Respondents.

and

RITA HARKINS and SEAN HARKINS,

    Defendants.

_____

> Argued May 10, 2017 – Decided July 3, 2017
>
> Before Judges Lihotz, Hoffman and Whipple.
>
> On appeal from Superior Court of New Jersey,
> Law Division, Ocean County, Docket No. L-3679-
> 13.
>
> Michael E. Ellery argued the cause for
> appellants (Console and Hollawell, attorneys;
> Mr. Ellery, on the brief).
>
> John J. Mastronardi argued the cause for
> respondents (Law Offices of Styliades and
> Jackson, attorneys; Mr. Mastronardi, on the
> brief).

PER CURIAM

Plaintiff, Jennifer Parella, appeals from an April 10, 2015 summary judgment dismissal of her personal injury complaint, along with a June 12, 2015 order denying reconsideration of that order.[1] In her complaint, plaintiff alleged defendants, Richard Compeau and Rosanna DiMarzio, negligently breached their duty of care by failing to warn her of a dangerous condition in their home. Plaintiff tripped over a dog, sleeping in the hall adjacent to the doorway of a dining room, where a crowd of approximately twenty guests were seated for Christmas dinner.[2] The trial judge granted defendant's motion for summary judgment following discovery. In his written opinion accompanying the order, the judge found no dispute of material facts. Further, he concluded plaintiff was aware of the dog's presence.

On appeal, plaintiff argues the judge erred in granting defendants' motion for summary judgment, asserting chairs, the crowd, and the wall obscured the dog from her view, but defendants were aware of the dog's presence in the hall. Plaintiff maintains

---

[1]    For ease in our opinion, we limit our designation to Jennifer Parella as plaintiff.  We are aware plaintiff Thomas Parella, Jennifer's spouse, is also a plaintiff, who alleges derivative claims of loss of consortium.

[2]    Other defendants alleged to be the dog's owners were dismissed from the action.

A-4090-15T4

the Law Division judge "did not completely understand the facts of the case," and failed to afford her all reasonable inferences. We are not persuaded and affirm.

The record includes these facts surrounding plaintiff's fall and the resultant injuries. After finishing the second course, plaintiff rose from the table to place her dish in the kitchen sink and check on her child who was in an adjoining room. The other dinner guests remained seated around the table. Looking into the dining room from the hallway, plaintiff sat on the left side of the rectangular table. She walked between the guests without asking anyone to move, until she reached the end of the table, where she was unable to pass behind DiMarzio, who sat at the corner with her chair blocking the path. DiMarzio attempted to move her chair forward to allow plaintiff to pass. Plaintiff "squeeze[d] behind [DiMarzio's] chair, and . . . put the plate in [her] right hand with the glass in [her] left." Plaintiff lifted the glass and plate over DiMarzio's head, turned her back to the wall and shuffled her feet to pass behind DiMarzio's chair. As she cleared the chair, plaintiff turned right to enter the hall toward the kitchen, and fell.

A "tan, fairly large dog" was lying in the hallway, past the threshold of the dining room. Plaintiff landed with her legs draped over the dog's body. The wine glass she held broke during

the fall, cutting her finger. Her husband was in the kitchen and came to her aid. Defendants both stated they knew the dog was lying in the hallway, adjacent to the dining room doorway, acknowledging they stepped over the dog as they entered the dining room and took their seats at the end of the table. Approximately two weeks after her fall, plaintiff was treated by an orthopedic hand specialist to address continuing pain and swelling in her finger. An x-ray revealed glass remained in plaintiff's finger, which required surgical removal. The surgery revealed the glass pieces severed a tendon. Plaintiff also suffered radiating pain down her arm, for which she sought separate medical treatment.

We review an order granting summary judgment applying the same standard guiding the trial judge. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016). After considering the competent evidential materials submitted by the parties to identify whether there are genuine issues of material fact, "summary judgment will be granted if there is no genuine issue of material fact and 'the moving party is entitled to a judgment or order as a matter of law.'" Conley v. Guerrero, 228 N.J. 339, 346 (2017) (citation omitted) (quoting R. 4:46-2(c)).

In this review, the facts are viewed in a light most favorable to the non-moving party, "keeping in mind '[a]n issue of fact is

genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, . . . would require submission of the issue to the trier of fact.'" Schiavo v. Marina Dist. Dev. Co., 442 N.J. Super. 346, 366 (App. Div. 2015) (alteration in original) (quoting R. 4:46-2(c)), certif. denied, 224 N.J. 124 (2016). A motion for summary judgment will not be defeated by bare conclusions lacking factual support, Petersen v. Twp. of Raritan, 418 N.J. Super. 125, 132 (App. Div. 2011), self-serving statements, Heyert v. Taddese, 431 N.J. Super. 388, 413-14 (App. Div. 2013), or disputed facts "of an insubstantial nature." Pressler & Verniero, Current N.J. Court Rules, cmt. 2.1 on R. 4:46-2 (2016). "[I]t is evidence that must be relied upon to establish a genuine issue of fact. 'Competent opposition requires "competent evidential material" beyond mere "speculation" and "fanciful arguments."'" Cortez v. Gindhart, 435 N.J. Super. 589, 605 (App. Div. 2014) (quoting Hoffman v. Asseenontv.Com, Inc., 404 N.J. Super. 415, 425-26 (App. Div. 2009)), certif. denied, 220 N.J. 269 (2015).

It is only "when the evidence 'is so one-sided that one party must prevail as a matter of law,' the trial court should not hesitate to grant summary judgment." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 106 S. Ct. 2505, 2512, 91 L. Ed.

2d 202, 214 (1986)).  Such a legal determination is "not entitled

to any special deference" by this court, which considers legal

issues de novo.  Manalapan Realty, L.P. v. Twp. Comm. of Manalapan,

140 N.J. 366, 378 (1995).

The parties agree plaintiff is a social guest.

> The law is well settled regarding the duty a
> host owes to a social guest as to conditions
> of the property.  The duty is limited.  A host
> need only warn "of dangerous conditions of
> which [the host] had actual knowledge and of
> which the guest is unaware."  Hopkins v. Fox
> & Lazo Realtors, 132 N.J. 426, 434 (1993); see
> also Berger v. Shapiro, 30 N.J. 89, 97-98
> (1959).  A "host need not undertake to make
> improvements or alterations to render his [or
> her] home safer for those accepting his
> hospitality than for himself."  Berger, supra,
> 30 N.J. at 97.  The host is under no duty to
> inspect his or her premises to discover
> defects which otherwise might not be known to
> the casual observer.  Id. at 98.  Where a
> "guest is aware of the dangerous condition or
> by a reasonable use of his facilities would
> observe it, the host is not liable."  Id. at
> 99.
>
> [Endre v. Arnold, 300 N.J. Super. 136, 142
> (App. Div. 1997).]

Plaintiff urges we reverse the summary judgment dismissal

asserting defendants "knew that a dog they allowed to remain in

front of a doorway posed a tripping hazard" and failed to warn

plaintiff of this known hazardous condition or eliminate the

danger.  She argues whether the dog, which is a movable object,

6                                                          A-4090-15T4

created a dangerous condition was a fact question for the jury to evaluate.

Defendants argue the dog's presence was not unknown as plaintiff knew there were two dogs in the house and could reasonably anticipate he was lying in the home. Nor did the dog represent a dangerous condition; both the size of the dog as well as the dog's location in the hallway, beyond the area of the dining room, made him easily seen and avoided.

We distinguish this matter from cases concluding host liability exists to warn guests unable to appreciate dangerous conditions or latent defects in the home. For example, in Giordano v. Mariano, 112 N.J. Super. 311 (App. Div. 1970), an eleven-year-old plaintiff ran into a closed sliding glass door. Id. at 313-14. The sliding door had no discernable handle or markings; further, the area on the other side of the door was "pitch black," and an adult almost made the same error before seeing a reflection at the last moment. Ibid.

Summary judgment dismissal was reversed in Bagnana v. Wolfinger, 385 N.J. Super. 1 (App. Div. 2006). In that matter, the plaintiff was injured on a trampoline, from which defendant removed safety notices required by the trampoline manufacturer's manual. Id. at 7-8.

In this matter, the facts show the dog was not hidden from view. Plaintiff was aware of the presence of the dog in the home. Importantly, photographs in the record reflect plaintiff herself identified the dog lying in the hallway, not in the dining room, under the table, or on the dining room threshold. The hallway was lit. Finally, others walking into the dining room from the hallway saw the dog.

Plaintiff's injuries were not caused by the dog's actions, causing her to trip and fall. There is no evidence the dog was moving and his size, again as depicted in the photographs, would make him clearly visible to anyone who was watching where he or she was walking. Plaintiff's suggestion she could not see the dog because he was below eye level begs the question. See Tighe v. Peterson, 356 N.J. Super. 322, 326 (App. Div. 2002) ("Hosts are not required to improve or alter their home in order to render it safer for a guest than for themselves.") (citing Endre, supra, 300 N.J. Super. at 142).

Finally, we reject plaintiff's arguments she presented material factual disputes requiring the jury's determination and the judge's misstatement of facts in rendering summary judgment required reversal. We have considered the facts in the light most favorable to plaintiff. We cannot say the mere presence of the dog sleeping in the hallway created an unreasonable risk or a

dangerous condition, triggering defendant's legal duty to warn guests walking in their home. We also find no abuse of discretion in the denial of plaintiff's motion for reconsideration. See Fusco v. Newark Bd. of Educ., 349 N.J. Super. 455, 462 (App. Div. 2002).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4090-15T4