NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5708-14T2

WELLS FARGO BANK, NATIONAL
ASSOCIATION, AS TRUSTEE FOR
CARRINGTON MORTGAGE LOAN TRUST
SERIES 2006-FR1 ASSET-BACKED
PASS-THROUGH CERTIFICATES,

 Plaintiff-Respondent,

v.

RODNEY KELLY,

 Defendant-Appellant,

and

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., Solely as Nominee
for FGC Commercial Mortgage
Finance, d/b/a Fremont Mortgage,
its Successors and/or Assigns;
NEW JERSEY HOUSING AND MORTGAGE
FINANCE AGENCY, as Authorized
Administrative Agent of the New
Jersey Department of Community
Affairs; Fictitious Spouse of
Rodney Kelly,

 Defendants.
_______________________________

 Submitted June 8, 2017 - Decided July 14, 2017
 Before Judges Lihotz, Hoffman and O'Connor.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Burlington County, Docket
 No. F-15290-12.

 Rodney Kelly, appellant pro se.

 Udren Law Offices, P.C., attorneys for
 respondent (J. Eric Kishbaugh, on the brief).

PER CURIAM

 In this contested foreclosure action, defendant Rodney Kelly

appeals from the denial of a motion for reconsideration of the

final judgment foreclosing his interest in residential real

property, located in Willingboro, and granting plaintiff Wells

Fargo Bank, N.A., the right to sell the realty to satisfy the

outstanding loan owed by defendant. On appeal, defendant

identifies nine errors, arguing the trial judge abused her

discretion in granting summary judgment, final judgment, and

ordering sheriff's sale of the realty. We affirm.

 The trial court granted summary judgment in favor of plaintiff

on January 2, 2014. Final judgment of foreclosure was entered and

a writ of execution issued on February 26, 2015.1 Almost three

months later, defendant moved to dismiss the foreclosure action

entirely and sought frivolous litigation sanctions, which the

1
 Although these documents are not included in the record on
appeal, these facts are not disputed.

 2 A-5708-14T2
trial judge considered as a motion for reconsideration of the

final judgment. In a written statement of reasons, Judge Karen

L. Suter reviewed defendant's challenges, which she denied. She

filed an order memorializing the denial of defendant's motions on

July 20, 2015. Thereafter, plaintiff purchased the property at

sheriff's sale on July 30, 2015.

 The appeal timely challenges the July 20, 2015 order.

However, in his merits brief, defendant includes attacks on the

order granting summary judgment, which led to entry of the final

judgment of foreclosure. We recognize a challenge on

reconsideration may argue the legal sufficiency of an underlying

order. R. 4:49-2. However, here, summary judgment was granted

"for the reasons placed on the record on January 2, 2014," yet a

transcript of the proceeding is not provided, thus, precluding our

review. Cipala v. Lincoln Tech. Inst., 179 N.J. 45, 55 (2004)

(declining review because plaintiff failed to provide transcripts

of proceedings); Soc'y Hill Condo. Ass'n v. Soc'y Hill Assocs.,

347 N.J. Super. 163, 177 (App. Div. 2002) ("A party on appeal is

obliged to provide the court with 'such other parts of the record

. . . as are essential to the proper considerations of the issues.'

R. 2:6-1(a)(1)(H)").

 More important, appeal from the final judgment of foreclosure

was not filed. Rule 2:4-1 mandates appeals from final judgments

 3 A-5708-14T2
must be filed within forty-five days "of their entry." The time

limit is tolled by "the timely filing and service of a motion to

the trial court . . . for rehearing or reconsideration seeking to

alter or amend the judgment or order pursuant to R. 4:49-2." R.

2:4-3(e) (emphasis added). "The remaining time shall again begin

to run from the date of the entry of an order disposing of such a

motion." Ibid.

 Unfortunately, when defendant filed his post-judgment motions

almost ninety days following entry, the time for appeal had long

expired. "[A]n untimely motion to reconsider does not[]" toll the

time limits of Rule 2:4-1. Eastampton Ctr., LLC v. Planning Bd.

of Eastampton, 354 N.J. Super. 171, 187 (App. Div. 2002). Stated

differently, defendant's appeal from the order denying

reconsideration cannot bootstrap challenges to the underlying

order for summary judgment he desires to reconsider.

 Nevertheless, for completeness, we have considered the

merits, which we find unavailing. We have reviewed defendant's

motions asserting final judgment must be vacated because of fraud,

plaintiff's violations of the Truth in Lending Act, 15 U.S.C.A. §

1601, and plaintiff's lack of standing. We also reviewed

defendant's motion seeking sanctions because plaintiff pursued

frivolous litigation. Our review of the record reveals the issues

 4 A-5708-14T2
were hotly contested and sufficiently litigated, prior to the

review of plaintiff's motion for summary judgment.

 We also considered Judge Suter's findings of fact and

conclusions of law, delineated in her July 20, 2015 statement of

reasons accompanying the order under review. We determine her

findings are amply supported and her conclusions are legally sound.

 Motions for reconsideration are granted only
 under very narrow circumstances:

 Reconsideration should be used only
 for those cases which fall into that
 narrow corridor in which either
 (l) the Court has expressed its
 decision based upon a palpably
 incorrect or irrational basis, or
 (2) it is obvious that the Court
 either did not consider, or failed
 to appreciate the significance of
 probative, competent evidence.
 D'Atria v. D'Atria, 242 N.J. Super.
 392, 401 (Ch. Div. 1990).

 [Fusco v. Bd. of Educ. of City of Newark, 349
 N.J. Super. 455, 462 (App. Div. 2002).]

 We discern no error. Summary judgment was grounded on

undisputed facts in the record conclusively establishing

plaintiff's ownership of the debt and possession of the note and

mortgage documents. The claims of fraud and forgery are bald

allegations unsupported by direct or even circumstantial

evidential proof. Overall, defendant does not demonstrate the

orders were not rationally based upon competent evidence. Finally,

 5 A-5708-14T2
defendant's arguments fail to persuade this court reconsideration

was legally unsound.

 Affirmed.

 6 A-5708-14T2