**BY THE COURT**               **TAX COURT OF NEW JERSEY**

```
-----------------------------------------------------x
                                         :
MY WAY B&G, INC. & MASSIMINO             :
RAPUANO                                  :    DOCKET NO:  016627-2013
                                         :
            Plaintiff,                   :
                                         :
            v.                           :
                                         :
DIRECTOR, DIVISION OF TAXATION           :    CIVIL ACTION
                                         :
            Defendant.                   :    ORDER
                                         :
-----------------------------------------------------x
```

**THIS MATTER** having been open to the Court upon the application of Law Offices of Lawrence W. Luttrell, P.C. attorneys for plaintiff, (Lawrence W. Luttrell, Esq. appearing) on notice to the Christopher S. Porrino, Attorney General of the State of New Jersey (Joseph A. Palumbo, Deputy Attorney General appearing) for Reconsideration of the court's Order of June 9, 2017 dismissing plaintiffs' complaint, and the court having heard the argument of counsel; and for good cause shown,

It is on this    11    day of September, 2017     hereby ORDERED that plaintiffs' motion for reconsideration is hereby DENIED for the reasons set forth on the Statement of Reasons attached hereto.

A copy of this Order has been served on all parties via ecourts.

_____

HON. KATHI F. FIAMINGO, J.T.C.
This motion was:

☐ Unopposed

☒ Opposed

1

| | |
|---|---|
| MY WAY B&G, INC. & MASSIMINO RAPUANO, | TAX COURT OF NEW JERSEY |
| Plaintiffs, | DOCKET NO. 016627-2013 |
| v. | CIVIL ACTION |
| DIRECTOR, DIVISION OF TAXATION, | STATEMENT OF REASONS |
| Defendants. | |

Lawrence W. Luttrell, Esq., LAW OFFICES OF LAWRENCE W. LUTTRELL, PC
     Attorney for Plaintiffs.

Joseph A. Palumbo, Esq., DEPUTY ATTORNEY GENERAL OF NEW JERSEY
     Attorney for Defendants.

**REQUESTED RELIEF**

Pending before the court is Plaintiff's motion for reconsideration of the grant of summary judgment in favor of the Director, Division of Taxation ("Director"). For the reasons discussed below, the court will DENY the motion.

**BACKGROUND**

Plaintiff, Massimino Rapuano ("Rapuano") incorporated plaintiff My Way B&G, Inc. (the "Corporation" or "My Way") in New Jersey and filed a certificate of registration in 1995.

Rapuano was the sole officer and director of My Way for the period 1995 to 2011. He was the only person who signed business documents on behalf of the corporation, supervised its day-

to-day operations, managed its financial affairs, and hired and fired employees. He oversaw the entire business operation of the corporation and was its sole owner.

An audit was conducted of My Way's Corporation Business Tax ("CBT") returns in 2012. In connection with that audit, on September 12, 2011, Rapuano, signed the first page of an Appointment of Taxpayer Representative form ("Appointment Form"), naming Robert Budra, My Way's accountant (herein "Budra") as the taxpayer representative of My Way. The first page of the Appointment Form appoints Budra to represent My Way with respect to all New Jersey State tax matters and authorizes him to "do and perform all such acts as [My Way] could do or perform." Rapuano did not sign page two of the Appointment Form. Immediately preceding the signature space on page two is the following statement: "THIS APPOINTMENT OF TAXPAYER REPRESENTATIVE IS VOID IF NOT SIGNED AND DATED." The following signature lines are not signed or dated. Notwithstanding the foregoing, Budra attended the audit on behalf of plaintiffs.

A Notice of Assessment related to the Final Audit Determination, ("Notice of Assessment") dated March 2, 2012, was sent to the last known address for My Way by certified mail, return receipt requested. The certified mail receipt was signed by an individual receiving the same on behalf of My Way. The Notice of Assessment was also sent to Budra via certified mail, return receipt requested. The return receipt was signed by Budra. Neither return receipt was dated, however, they were received by the Division of Taxation (the "Division"), and scanned into its electronic "ESKORT" system on June 11, 2012.

No protest was received by the Division with respect to the final determination and no Complaint was filed in Tax Court.

A Notice of Finding of Responsible Person Status and Demand for Payment, dated September 15, 2012, was issued to Rapuano by the Division. ("September, 2012 Notice"). The attorney then representing Rapuano filed a timely Protest of the finding of responsible party status with the Division. A Final Determination confirming the finding of Responsible Party and personal liability for the amount due in the amount of $84,729 was issued July 29, 2013.

On October 24, 2013, a Complaint was filed with the Tax Court by Rapuano. The Director initially filed a motion for summary judgment which the Plaintiffs opposed. At oral argument, counsel for plaintiff conceded Rapuano's status as a Responsible Person, but contended that the March 2, 2012 Notice of Assessment had never been served on My Way. Thus plaintiff maintained for the first time during oral argument that the only notice that plaintiff received regarding the audit of My Way's CBT returns was the September, 2012 Notice and that the complaint was timely with respect to that Notice. The court granted the Director an opportunity to supplement the motion to address these contentions.

The Director filed a supplemental motion to which no opposition was filed. By decision dated June 9, 2017, the Court found that Rapuano was a Responsible Person for My Way. The Court also found that My Way failed to timely file an appeal of the Notice of Assessment. The Court issued Judgment dismissing the Complaint for want of jurisdiction pursuant to N.J.S.A. 54:51A-14 and R. 8:4-1(b) and affirming the assessments.

On June 29, 2017, plaintiff moved pursuant to R. 4:49-2 for reconsideration of the Court's June 9, 2017 Judgment. Plaintiff contends that the failure to file opposition was for good cause and that judgment dismissing the complaint was based on misleading facts presented by the Director. Thus, plaintiff maintains the court should grant reconsideration and deny the Director's motion.

4

**LEGAL ANALYSIS**

R. 4:49-2 provides:

> Except as otherwise provided by R. 1:13-1 (clerical errors) a motion for rehearing or reconsideration seeking to alter or amend a judgment or order shall be served not later than 20 days after service of the judgment or order upon all parties by the party obtaining it. The motion shall state with specificity the basis on which it is made, including a statement of the matters or controlling decisions which counsel believes the court has overlooked or as to which it has erred, and shall have annexed thereto a copy of the judgment or order sought to be reconsidered and a copy of the court's corresponding written opinion, if any.

The court is to grant Motions for Reconsideration under very narrow circumstances. Fusco v. Bd. of Education of City of Newark, 349 N.J. Super. 455 (App. Div. 2002). Reconsideration is appropriate only in a narrow category of cases "in which either 1) the Court has expressed its decision based upon a palpably incorrect or irrational basis, or 2) it is obvious that the Court either did not consider, or failed to appreciate the significance of probative, competent evidence." D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990).

Reconsideration is not a tool to "expand the record and reargue a motion." Instead it is designed to "seek review of an order based on evidence before the court on the initial motion, R. 1:7-4, not to serve as a vehicle to introduce new evidence in order to cure an inadequacy in the motion record." Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996).

Plaintiff has made no showing that the Court's decision was based upon a palpably incorrect or irrational basis. Plaintiff has provided the Court with nothing suggesting that the court failed to consider or appreciate probative, competent evidence that was before it at the time of the initial motion. The court, however, finds that the Director's failure to produce both pages of the Appointment Form troubling. The court will therefore review the evidence and argument now presented by the plaintiff.

5

Initially, plaintiff does not contest the finding of Rapuano's Responsible Person status. That was clearly established in the initial motion and Rapuano conceded Responsible Person status at oral argument. Furthermore based on the uncontroverted facts put before the court as set forth in the Court's decision of June 9, 2017, Rapuano's involvement with the corporation adequately demonstrates Responsible Person status.

Rapuano's argument that his failure to sign the second page of the Appointment Form invalidated the Appointment may have merit. It is clear, however, that all of the parties believed that the appointment of Budra was valid. Budra attended the audit; the Division did not contest his attendance; and Rapuano and My Way do not now contend that Budra was not authorized to attend the audit.

It may be that Rapuano's failure to fully execute the Appointment may have caused the service on Budra to be ineffective service on My Way. The Court makes no finding on that issue because the court finds that regardless of the effectiveness of service on Budra, the Director has established service on My Way. The Director sent the Notice of Assessment to My Way by way of certified mail receipt sent to its last known address. This mailing was received by someone at that address as evidenced by the return receipt card scanned into the Division's records on June 11, 2012. The court rejects Rapuano's position that because the Notice of Assessment was not served upon him personally that service was not effected upon My Way. The Notice of Assessment was mailed to the last known address of the corporation and was incontrovertibly signed for by someone at that address. Regardless of whether service upon Budra was effective to constitute service on the corporation, the facts demonstrate that service was properly effectuated on My Way directly.

6

Although the certified mail receipt to My Way was not dated, the Division scanned the signed return receipts into its electronic system on June 11, 2012. The period for challenging the Notice of Assessment began to run upon service of the Notice on My Way, which at the absolute latest would have required plaintiffs' complaint to be filed on or before September 9, 2012, i.e. 90-days after the Division received the receipts. Plaintiffs filed the Complaint in this matter on October 28, 2013, well over a year past the statutory deadline.

Plaintiff still did not file a timely protest or complaint to the original Notice of Assessment. Therefore, the court Denies Plaintiffs' Motion for Reconsideration.

_____
Kathi F. Fiamingo, J.T.C.

Dated: _September 11, 2017._

7