NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-2273-15T3

WARREN F. HORTON,

 Plaintiff-Appellant,

v.

CASSANDRA L. BROWN,

 Defendant-Respondent.

_______________________________

 Submitted September 12, 2017 – Decided September 20, 2017

 Before Judges Leone and Mawla.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Family Part, Middlesex
 County, Docket No. FM-12-2154-99.

 Warren F. Horton, appellant pro se.

 Respondent has not filed a brief.

PER CURIAM

 Plaintiff appeals from an order dated December 3, 2015,

denying his motion for reconsideration of an order dated April 13,

2012, which denied his request for reimbursement of child support

paid to defendant. Plaintiff claims child support should be

reimbursed because defendant was receiving welfare, social
security and child support at the same time. Because plaintiff's

reconsideration application was not timely, and because he has

presented no basis to support his claim for reimbursement, we

affirm.

 The following facts are taken from the record. The parties

share two daughters, one of whom was emancipated on April 30,

2009, and the other on April 7, 2010. Beforehand, effective July

2006, plaintiff was declared disabled and began receiving social

security disability (SSD) benefits, and the children derivative

benefits. As a result of the children's emancipation, plaintiff's

child support obligation was terminated effective April 7, 2010,

becoming an arrears-only obligation.

 The trial court entered an order on April 13, 2012, confirming

plaintiff satisfied the child support arrears as of February 2012.

As a part of the relief considered by the trial court in the April

13, 2012 order, plaintiff sought reimbursement of child support

paid from April 2010 to February 2012, claiming defendant had been

overpaid. The trial court denied his request, noting plaintiff's

SSD benefits had been garnished during this time period and the

funds applied to satisfy plaintiff's child support arrears.

 Plaintiff filed a motion more than three years later seeking

reconsideration of the April 13, 2012 order denying him

reimbursement of child support from April 2010 to February 2012.

 2 A-2273-15T3
The trial court entered the December 3, 2015 order denying

reconsideration as not timely.

 Plaintiff challenges this order asserting his SSD benefits

were continually garnished until February 2012 "in disregard of

derivative benefits [the children] received from [the] social

security administration." Specifically, he argues the garnishment

continued even though child support terminated in April 2010, and

claims he should be reimbursed the sums paid for the twenty-two

month period between April 2010 and February 2012.

 A decision whether to deny a motion for reconsideration is

addressed to the trial judge's discretion. Fusco v. Newark Bd.

of Educ., 349 N.J. Super. 455, 462 (App. Div. 2002). Pursuant to

Rule 4:49-2, "a motion for . . . reconsideration . . . shall be

served not later than 20 days after service of the judgment or

order upon all parties by the party obtaining it." The twenty-

day time period within which to seek reconsideration cannot be

relaxed. See Baumann v. Marinaro, 95 N.J. 380, 388-89 (1984); see

also R. 1:3-4(c). We see no reason to disturb the trial judge's

decision to deny reconsideration. Plaintiff's application in 2015

seeking reconsideration of an order entered in 2012 was grossly

out of time.

 Even if we were to reach the substance of plaintiff's claims,

there would be no basis to revisit the April 13, 2012 order.

 3 A-2273-15T3
Plaintiff has not objectively demonstrated the alleged overpayment

of child support after the emancipation of the second child.

Although plaintiff's child support obligation ended when the

second child was emancipated, plaintiff still had arrears, which

Probation confirmed were paid off in February 2012. SSD benefits

are considered income for child support purposes. Child Support

Guidelines, Pressler & Verniero, Current N.J. Court Rules,

Appendix IX-B to R. 5:6A at www.gannlaw.com (2017) (see

"Government Benefits for the Child" stating SSD "is counted as

income . . . for the parent whose contribution is the source of

the benefit."). Therefore, SSD benefits are not immune from

garnishment to satisfy child support arrears.

 Furthermore, plaintiff's argument the children's derivative

benefit obviated the garnishment of his SSD is belied by the legal

authority cited in his brief. Indeed, as noted in the Child

Support Guidelines, a child's receipt of derivative benefits

eliminates child support only if the benefits are greater than the

child support and reduce the total support obligation to zero.

Child Support Guidelines, Pressler & Verniero, Current N.J. Court

Rules, Appendix IX-A(10)(c)(2) at www.gannlaw.com (2017). There

is no evidence the derivative benefits reduced plaintiff's child

support to zero or eliminated his arrears obligation.

 Affirmed.

 4 A-2273-15T3