**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0144-20

U.S. BANK NATIONAL
ASSOCIATION, AS
TRUSTEE FOR CREDIT
SUISSE FIRST BOSTON
MORTGAGE SECURITIES
CORP., HOME EQUITY
ASSET TRUST 2006-1,
HOME-EQUITY PASS-
THROUGH CERTIFICATES,
SERIES 2006-1,

     Plaintiff-Respondent,

v.

CAROLYN BAILEY,

     Defendant-Appellant.

_____

        Submitted December 7, 2021 – Decided February 11, 2022

        Before Judges Currier and Smith.

        On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-020645-14.

        Carolyn Bailey, appellant pro se.

Law Office of Abe Rappaport, attorneys for respondent (Kevin A. Lee, on the brief).

PER CURIAM

Appellant was the owner of property in Newark that was the subject of a foreclosure action. 14 Cliff Street LLC (the LLC) was the successful third-party bidder at the sheriff's sale in October 2018. The court issued a writ of possession to the LLC in February 2019.

Thereafter, appellant filed numerous motions to vacate the writ of possession and to stay eviction. We affirmed the court's denial of those motions.

Lock-out was scheduled for July 25, 2019. For the sixth time, appellant moved for a stay of the proceedings. The court denied the motion on July 23, 2019, and ordered the LLC to retain a licensed moving company to move appellant's personal property to a storage unit at the LLC's expense. The LLC was required to pay for the storage of appellant's property for thirty days.

On the moving day, appellant only permitted the LLC to move some of her personal property to the storage locker. The remainder of her property was left in the house, including most of the furniture, a washer, dryer, and refrigerator. She also left her vehicle in the driveway. Appellant did not remove any of her items thereafter.

On September 3, 2019, the Chancery judge ordered the LLC to arrange a date for appellant to enter the property and pack her remaining items. The LLC was instructed to again provide movers to pack and move the property to the storage unit. Appellant was also to remove her vehicle. The order provided that if appellant did not remove her property by September 9, the LLC was permitted to dispose of it. The LLC was not responsible for any storage unit charges after September 23, 2019.

Defendant did not remove her car. She also did not transfer the name on the storage unit account from the LLC to herself. As a result, the LLC moved before the court for an order permitting the removal and disposal of the vehicle and to be relieved of any obligations regarding the storage unit.

On November 22, 2019, the court granted the motion. On December 12, 2019, the LLC transferred the account on the storage unit to appellant's name. Appellant's motion for reconsideration was denied on January 10, 2020.

Shortly thereafter, appellant moved before the court to enforce its prior orders of July 23, 2019, August 21, 2019, September 3, 2019, and September 5, 2019. As described above, these orders all pertain to the packing, moving, and storage of appellant's personal property. On April 24, 2020, the Chancery judge denied the motion. It is this order that is the subject of this appeal.

3

In her oral decision, the judge noted that the motion for reconsideration stemmed from the November 22, 2019 order pertaining to "whether the storage facility properly stored and/or accounted for [appellant's] property." She stated that she had previously ruled on these matters. The judge further stated "[t]hese are not issues that are related to the foreclosure matter or that properly belong in this foreclosure matter, which has been previously ruled on." The court denied the motion and added: "So I'm not ruling on whether or not the move or the storage was proper or improper and whether or not there is any inventory missing, any property of Ms. Bailey missing; I'm simply finding that the motion is not properly within this foreclosure action." The judge explained that she was denying the motion because she had previously ruled on the same issues, and if appellant now believed there was some wrongdoing on the part of the mover or the storage company, those were claims not related to the foreclosure action and should be pursued in another forum.

On appeal, appellant asserts the case should be remanded to the Chancery judge for adjudication. She also reiterates arguments regarding the lock-out

4

already considered and rejected numerous times by the trial court, this court, and the Supreme Court.[1]

We review the denial of a motion for reconsideration for an abuse of discretion. Fusco v. Bd. of Educ. of Newark, 349 N.J. Super. 455, 462 (App. Div. 2002). We find none.

After the issuance of four orders pertaining to the move and storage of appellant's personal property, the court permitted the LLC to remove and dispose of the abandoned vehicle appellant left behind on the LLC's property. The court also authorized the LLC to transfer the obligations for the storge unit account into appellant's name.

Essentially, appellant's motion to enforce the court's prior orders was a second motion for reconsideration of the November 22, 2019 order. Appellant continued to assert issues with the storage of her personal property. Our court rules do not provide for a motion to reconsider a previous motion for reconsideration. Nevertheless, the Chancery judge considered the arguments, conducted oral argument, and issued a ruling.

---

[1] On June 13, 2019, the Supreme Court denied appellant's application for emergent relief regarding the eviction, concluding the lock-out date had been adjourned for an orderly removal and therefore, the application was moot.

A-0144-20

Appellant has not given this court any reasons to support her contention that the court mistakenly exercised its authority in denying her second motion for reconsideration. The November 22, 2019 order was issued more than a year after the LLC acquired the property. During that time appellant did not remove her personal property. The LLC was compelled to incur the costs of packing and moving appellant's property more than once. And the LLC paid the costs of the storage unit for more than five months. When appellant continued to refuse to take responsibility for the payment of the storage unit and to remove her vehicle, the court granted the LLC's requested relief. The court denied reconsideration of the order twice. We see no reason to disturb that determination.

Any remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0144-20