**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0345-23

VINCENT ROGGIO,

    Plaintiff-Appellant,

v.

McELROY, DEUTSCH,
MULVANEY & CARPENTER,
LLP, and LOUIS A. MODUGNO,
ESQ.,

    Defendants-Respondents,

and

ANTHONY Z. EMMANOUIL,
and EUGENIA K. EMMANOUIL,

    Defendants.

_____

Argued January 23, 2024 – Decided January 31, 2025

Before Judges Mawla, Walcott-Henderson, and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-0400-10.

Vincent Roggio, appellant, argued the cause pro se.

Kathleen N. Fennelly argued the cause for respondents (McElroy, Deutsch, Mulvaney & Carpenter, LLP, attorneys; William F. O'Connor, Jr., of counsel and on the brief; Kathleen N. Fennelly, on the brief).

PER CURIAM

Plaintiff Vincent Roggio appeals from an August 15, 2023 order denying his motion for reconsideration. The dispute concerned various motions plaintiff filed in the Law Division to vacate the 2010 dismissal with prejudice of his complaint against Louis Modugno, McElroy Deutsch, Mulvaney & Carpenter, LLP, (MDMC), and Anthony and Eugenia Emmanouil (collectively defendants). Perceiving no abuse of discretion in the court's denial of his motion for reconsideration, we affirm.

This record is extensive and dates back to 2010, however, we limit our recitation of the facts to the issue raised in this appeal.[1] In January 2010, plaintiff filed a complaint in the Law Division against defendants, alleging defamation and privacy violations related to the release of information about his criminal history, including information plaintiff claimed had been expunged.

---

[1] In 2006, the Emmanouil defendants filed a complaint against plaintiff alleging breach of contract related to the sale of their company to plaintiff. At the time, the Emmanouils were represented by MDMC, where Modugno was a partner.

On February 17, 2010, defendants removed plaintiff's complaint to the federal district court, where it was subsequently dismissed with prejudice on April 14, 2010. In dismissing plaintiff's complaint, the district court found any statements counsel made concerning plaintiff's criminal history were protected by the "absolute litigation privilege."

Plaintiff appealed from the district court's dismissal of his complaint to the Third Circuit. In an order dated February 28, 2011, the Third Circuit affirmed the dismissal of plaintiff's complaint. Plaintiff did not file a petition for certiorari before the United States Supreme Court.

In September 2013 and April 2014, plaintiff moved in district court to void the court's April 2010 dismissal of his complaint and for the court to take judicial notice of another order entered in a separate Massachusetts lawsuit involving different defendants. Both motions were denied by the district court.

On September 6, 2022, plaintiff moved to reinstate his complaint in state court. He also moved to seal a document filed on e-Courts that included a reference to his prior criminal conviction, and filed what was styled as a motion for summary judgment seeking a jury trial. On February 3, 2023, the court denied all three of plaintiff's motions.

3

Weeks later, plaintiff filed an additional motion seeking entry of an "order for the court to file a final appealable order based on the issues contained in [p]laintiff's [motion to reinstate] filed on September 6, 2023."  The court denied plaintiff's motion in an order dated March 29, 2023, stating all the entered orders had been final appealable orders pursuant to Rule 2:2-3.

Plaintiff next moved to vacate the March 29, 2023 order, which was denied in an order dated May 25, 2023.  Plaintiff moved for reconsideration of the May 25, 2023 order, which was again denied in an order entered on August 15, 2023.  It is this order that is the subject of this appeal.

In a written statement of reasons attached to the order denying plaintiff's motion for reconsideration, the court stated "[a]s a threshold matter, plaintiff['s] motion is procedurally deficient because he did not file this motion for reconsideration within twenty . . . days of the order that he is seeking reconsideration of [pursuant to Rule 4:49-2]."  The court further found

> [e]ven evaluating plaintiff's motion on the merits, however, [plaintiff] does not address how this [c]ourt has jurisdiction over the matter he is attempting to reinstate, how that decision was reached on a palpably irrational basis[,] or introduce any new evidence that the [c]ourt did not have when deciding the previous motions.

A-0345-23

Plaintiff appeals solely from the order denying his motion for reconsideration.  Plaintiff's brief, however, refers to events dating back to the 2010 lawsuit and asserts defendants defamed him and violated his privacy rights. He further argues he is entitled to an automatic suppression hearing.

A trial court's decision to deny a motion for reconsideration will be upheld on appeal unless its decision was an abuse of discretion.  Granata v. Broderick, 446 N.J. Super. 449, 468 (App. Div. 2016).  An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'"  Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. INS, 779 F.2d 1260, 1265 (7th Cir. 1985)).

A motion for reconsideration is not "a second bite of the apple."  Fusco v. Bd. of Educ., 349 N.J. Super. 455, 463 (App. Div. 2002).  Reconsideration is appropriate in two circumstances:  (1) when the court's decision is "based upon a palpably incorrect or irrational basis," or (2) when "it is obvious that the [c]ourt either did not consider, or failed to appreciate the significance of probative, competent evidence."  Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)). When a litigant is dissatisfied with a court's decision, reconsideration is not

appropriate; rather, the litigant should pursue an appeal. D'Atria, 242 N.J. Super. at 401.

Rule 4:49-2, governing motions for reconsideration, states:

> Except as otherwise provided by R[ule] 1:13-1 (clerical errors), a motion for rehearing or reconsideration seeking to alter or amend a judgment or final order shall be served not later than [twenty] days after service of the judgment or order upon all parties by the party obtaining it. The motion shall state with specificity the basis on which it is made, including a statement of the matters or controlling decisions that counsel believes the court has overlooked or as to which it has erred, and shall have annexed thereto a copy of the judgment or final order sought to be reconsidered and a copy of the court's corresponding written opinion, if any.
>
> [Emphasis added.]

Plaintiff's brief does not address where the motion court erred. Instead, he rehashes his overall dissatisfaction with the dismissal of his federal complaint and asserts that prior courts have failed to properly address his claims defendants willfully disclosed information regarding his prior criminal record. He argues MDMC "conveniently avoids the uncontested facts and settled law in this case, that proves . . . MDMC's violation of [his Fourth] Amendment [r]ights and [d]ue [p]rocess [r]ights resulted in a fraud upon the court."

The court issued a thoughtful written statement of reasons denying plaintiff's motion for reconsideration on both procedural and substantive

grounds. The court explained the motion was procedurally deficient because plaintiff did not move for reconsideration within twenty days of the May 25, 2023 order denying his motion to vacate the March 29, 2023 order. Instead, plaintiff filed his motion for reconsideration twenty-eight days after the May 25, 2023 order. Substantively, the court noted plaintiff "does not address how this [c]ourt has jurisdiction over the matter he is attempting to reinstate, how that decision was reached on a palpably irrational basis[,] or introduce any new evidence that the [c]ourt did not have when deciding the previous motions."

Our review of the record convinces us the court appropriately denied plaintiff's motion for reconsideration as untimely. "Neither the parties nor the court may . . . enlarge the time specified by . . . R[ule] 4:49-2." R. 1:3-4(c). Notwithstanding the procedural deficiency, we further conclude the court correctly found that substantively plaintiff failed to address how the court abused its discretion when it declined to reopen the matter, which had already been adjudicated with finality in federal court. In short, the court properly concluded plaintiff did not carry his burden to warrant reconsideration. Cummings, 295 N.J. Super. at 384.

A-0345-23

To the extent we have not addressed any remaining arguments, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8

A-0345-23