**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3215-15T3

PETER DALEDDA,

    Plaintiff-Appellant,

v.

LORETTA GUARDINO,

    Defendant-Respondent.

_____

> Argued August 1, 2017 — Decided August 17, 2017
>
> Before Judges O'Connor and Whipple.
>
> On appeal from Superior Court of New Jersey,
> Chancery Division, Family Part, Bergen County,
> Docket No. FM-02-1937-10.
>
> Jenny Berse argued the cause for appellant.
>
> Francesca S. Blanco argued the cause for
> respondent.

PER CURIAM

    Plaintiff appeals from a March 22, 2016 Family Part order
denying his motion for reconsideration. We affirm for the reasons
that follow.

Plaintiff and defendant were married on June 21, 1987, and had one child. The couple divorced March 8, 2011, entering into a property settlement and support agreement (the agreement). The agreement obligates plaintiff to pay defendant $42,500 per year in permanent alimony in equal installments of $817.31 per week. The agreement states plaintiff was fifty-two years of age at the time of the divorce and worked as an executive chef in New York City, making a salary of $180,400 per year. He also had a 401K savings plan through his employer and an Individual Retirement Agreement (IRA). Defendant had worked as a secretary, earning $20,800 annually, but was unemployed at the time of the divorce. She also had an IRA. The parties agreed to an equal equitable division of the marital portions of the various retirement and other accounts.

In March 2015, plaintiff lost his job. In June 2015, he stopped paying his alimony obligation. Defendant moved to enforce litigant's rights in July 2015. Plaintiff cross-moved seeking to terminate his alimony obligation, revisit his alimony obligation upon obtaining employment, and emancipate the parties' child.

On September 30, 2015, the Family Part judge found plaintiff's unemployment to be temporary in nature, denied modification, and issued an order requiring plaintiff to pay defendant $11,442.34 in alimony arrears and $2100 in child support arrears within

A-3215-15T3

fourteen days and to resume regular payments. The Family Part judge also denied emancipation of the parties' child.

On October 9, 2015, plaintiff moved for reconsideration of the September 30, 2015 order. In October 2015, plaintiff secured a new position earning $114,000 per year. On December 2, 2015, the Family Part judge entered an order granting plaintiff's motion for reconsideration in part, granting plaintiff's request for emancipation of the parties' child, denying plaintiff's request for modification of alimony, and denying both parties' requests for counsel fees. The Family Part judge discredited the discrepancy in income between plaintiff's former position and his new position, noting the cost of living in Florida, where plaintiff resides, is lower than in New Jersey/New York, and plaintiff's $114,000 per year salary was not in and of itself prima facie evidence he was unable to earn what he previously earned to establish changed circumstances.

Defendant received no alimony payments from plaintiff and filed another motion on December 8, 2015, seeking wage garnishment and probation monitoring. Plaintiff again moved for modification of alimony. On March 22, 2016, the Family Part judge granted defendant's request for wage garnishment and probation monitoring and ordered plaintiff to make a lump sum payment of $11,442.34 within thirty days. Plaintiff appealed from the March 22, 2016

order. On appeal, plaintiff argues the court erred by denying modification of alimony and requests the matter be remanded to a different judge; plaintiff also contends he should be awarded counsel fees. We disagree and affirm.

Appellate review is particularly deferential to family courts' findings of fact because of their unique expertise. Cesare v. Cesare, 154 N.J. 394, 413 (1998). However, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference." Manalapan Realty v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995) (citing State v. Brown, 118 N.J. 595, 604 (1990); Dolson v. Anastasia, 55 N.J. 2, 7 (1969); Pearl Assurance Co. Ltd. v. Watts, 69 N.J. Super. 198, 205 (App. Div. 1961)).

Plaintiff asserts the record does not support the judge's determination and factual findings because the judge took no testimony and overlooked the parties' agreement, the applicable statutory factors, case law, and the substantial change in plaintiff's circumstances. He asserts he is entitled to a plenary hearing.

As noted above, plaintiff appeals only the motion for reconsideration and not the original order. See Fusco v. Bd. of Educ., 349 N.J. Super. 455, 461-62 (App. Div.) (citing Pressler, Current N.J. Court Rules, cmt. 6 on R. 2:5-1(f)(3)(i) (2002))

(explaining this court only considers judgments and orders listed in a notice of appeal), certif. denied, 174 N.J. 544 (2002). Accordingly, we review for an abuse of discretion. Ibid. We also note "[m]otions for reconsideration are granted under very narrow circumstances." Ibid.

> Reconsideration should be used only for those cases which fall into that narrow corridor in which either (1) the Court has expressed its decision based upon a palpably incorrect or irrational basis, or (2) it is obvious that the Court either did not consider, or failed to appreciate the significance of probative, competent evidence.
>
> [Ibid. (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990); R. 4:49-2).]

We discern no abuse of discretion on the part of the Family Part judge. As the judge correctly explained, when a party seeks to modify any support obligation under an agreement, the party must demonstrate "changed circumstances" supporting such a modification. See J.B. v. W.B., 215 N.J. 305, 327 (citing Lepis v. Lepis, 83 N.J. 139, 146-48 (1980)). A reduced income may qualify as "changed circumstances." Ibid. Family Part judges, however, have considerable discretion in determining whether a changed circumstance warrants an alimony modification. Larbig v. Larbig, 384 N.J. Super. 17, 23 (App. Div. 2006). This discretion turns on a Family Part judge's "experience as applied to all the relevant circumstances presented." Ibid. We further note the

party seeking modification has the burden of demonstrating such changed circumstances as would warrant relief from his or her obligation. Lepis, supra, 83 N.J. at 157. When a supporting spouse brings an application for a downward modification, the central focus is on "the supporting spouse's ability to pay." Miller v. Miller, 160 N.J. 408, 420 (1999).

Although the judge noted plaintiff's reduced income, he also noted the reduced reported income did not appear to be a permanent circumstance. In order to prove changed circumstances, the change must be permanent. Lepis, supra, 83 N.J. at 151. Accordingly, we conclude the Family Part judge's decision was not based on a palpably incorrect basis.

Plaintiff's income at the time of the agreement was $180,000. Plaintiff asserts his current income from his new job is thirty-seven percent lower, but plaintiff has not demonstrated he cannot earn more. "Courts have consistently rejected requests for modification based on circumstances which are only temporary." Ibid. The issue is whether changed circumstances are enduring enough to warrant a modification. In other words, plaintiff must demonstrate his decline in income and his ability to earn are permanent. The motion judge correctly concluded plaintiff's evidence did not evince a showing of permanent changed circumstances. Accordingly, there was no basis upon which the

Family Part was required to conduct a plenary hearing. See id. at 157 (explaining a court should hold a plenary hearing if "a party clearly demonstrate[s] the existence of a genuine issue as to a material fact").

We also conclude the court appropriately considered all of the relevant probative and competent evidence. See D'Atria, supra, 242 N.J. Super. at 401. The trial court reviewed plaintiff's submissions and found plaintiff did not demonstrate his earning capacity had substantially changed since the time the parties' executed agreement. We find no error on the judge's part in this regard.

Plaintiff's argument the Family Part judge disregarded the provision in the agreement permitting an application to modify it is unpersuasive. Plaintiff was permitted to, and did, make such an application, but he fell short of the proofs required to establish changed circumstances. Moreover, we reject the argument plaintiff is entitled to a modification merely based on defendant's employment status.

In light of our decision, we need not address plaintiff's argument for a new judge to hear this matter. Plaintiff's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(11)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3215-15T3