**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3504-17T1

ARCHON DISTRIBUTION,
INC.,

      Plaintiff-Respondent,

v.

AMJAD SAIYED,

      Defendant-Appellant,

and

AZAMSS DISTRIBUTION
CORPORATION,

      Defendant-Respondent.

_____

      Submitted February 3, 2020 – Decided July 21, 2020

      Before Judges Ostrer and Susswein.

      On appeal from the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. C-000150-14.

      Amjad Saiyed, appellant pro se.

Respondents have not filed a brief.

PER CURIAM

In this pro se appeal, defendant Amjad Saiyed challenges a March 5, 2018 order denying his third motion to reconsider the court's order that he reimburse $5000 of plaintiff's counsel's fees as a condition of vacating a $232,000 default judgment entered against him after a proof hearing. Then-represented by counsel, Saiyed argued he could not afford to pay the $5000. Although the trial court noted that the motion was untimely, it nonetheless addressed the merits and found that Saiyed had failed to demonstrate that the court overlooked evidence, or to present evidence that was unavailable to him before. We discern no abuse of discretion and affirm. See Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (stating that reconsideration decisions are vested in the trial court's sound discretion).

I.

We note that in Saiyed's merits brief, he inappropriately seeks our review of prior orders. Specifically, he challenges the April 5, 2016 default judgment, entered after a March 21, 2016 proof hearing, which the court conducted after he left the courthouse before trial. He also challenges the court's March 31, 2017 order vacating the default judgment, conditioned on his paying $5000 of

A-3504-17T1

plaintiff's fees. We previously denied Saiyed's motion to consider his June 2018 appeal of those orders as within time; and we denied defendant's motion to reconsider. Nonetheless, some background about those orders will put in context the order that is properly before us.

Plaintiff sued Saiyed, who was a former employee, and his alleged employer, Azamss Distribution Corp., for breach of a non-competition agreement. After a period of discovery, the case was scheduled for trial on March 21, 2016. Saiyed appeared in the courthouse that morning and met with defense counsel, but left before the matter was heard. Defense counsel informed the court that his client simply walked out, stating that Saiyed did not wish to contest the case. Defense counsel had previously informed the court that Azamss also no longer wished to defend. The court excused defense counsel and proceeded to conduct a proof hearing, and ultimately entered judgment against defendants.

Saiyed promptly moved for reconsideration under Rule 4:49-2, or to vacate under Rule 4:50-1. Represented by new counsel, Saiyed alleged that his prior defense counsel had misrepresented the circumstances surrounding Saiyed's departure from the courthouse. Saiyed alleged that his defense counsel threatened to withdraw after Azamss ceased paying his fee, and Saiyed resisted.

3

Saiyed said he left the courthouse only after defense counsel assured him that he would secure an adjournment.

On February 8, 2017, the court held a plenary hearing at which defense counsel and Saiyed presented opposing versions of why Saiyed absented himself from the trial. In findings issued immediately following the hearing, the court implicitly rejected defendant's contention that he left the courthouse based on defense counsel's alleged assurance that he would secure a trial adjournment. Nonetheless, the court found that defendant did not fully understand the consequences of leaving the courthouse that day, and defense counsel was not completely forthcoming to the court regarding the circumstances surrounding defendant's departure. In particular, the court found that defense counsel was aware that Saiyed had vigorously opposed plaintiff's claims for a year-and-a-half and his apparent willingness to allow a judgment against him was inexplicable.

The court stated that had defense counsel candidly stated that he believed his client must have misunderstood the consequences of his actions – as opposed to stating unqualifiedly that his client had decided to cease contesting the lawsuit – the court would have handled the matter differently, by which we infer, the court would not have proceeded to a proof hearing. In short, the court found

4

that Saiyed's departure was excusable, and it decided to vacate the default judgment, subject to consideration of plaintiff's application for fees.

On March 24, 2017, the court considered plaintiff's request to condition vacatur of the judgment upon the award of $30,000 in fees. The court did not calculate a lodestar fee for plaintiff's counsel's services. But, the court found that, under the circumstances, an award against Saiyed of $5000 was equitable. Without recounting defense counsel's role, the court found that plaintiff's fees "were incurred in large part because of Mr. Saiyed's conduct," and "Mr. Saiyed's conduct caused the . . . default hearing to be heard . . . ."

The court entered a March 31, 2017 order to implement its decisions on February 8 and March 24, 2017. Saiyed was required to pay $5000 to plaintiff by April 28, 2017, as a condition of vacating the default judgment, which would otherwise remain in effect. The court allowed Saiyed until April 28, 2017 to file a motion to seek an extension of time for payment.

Saiyed filed a motion to reconsider the March 31, 2017 order – as opposed to a motion to extend time for payment. The court denied that motion on May 26, 2017. The record includes only the first page of the notice of motion for reconsideration. It does not include the order, the court's statement of reasons, or a transcript (if oral argument was heard).

A-3504-17T1

After three months, plaintiff filed a motion seeking compliance with a subpoena duces tecum, returnable September 15, 2017. In response, Saiyed filed a cross-motion for reconsideration – his second attempt – of the order to pay $5000. In support of that motion, Saiyed certified that he was unemployed despite diligent efforts to find work as an accountant; he and his wife suffered from medical issues; he had no income in 2017; he had no bank accounts; and he had substantial credit card debt. He stated he attached a matrimonial case information statement, with supporting documents, but they are omitted from the record before us. The court denied the cross-motion in a December 15, 2017 order. The record includes neither the order, the court's statement of reasons, nor the transcript, if any.

On January 3, 2018, Saiyed filed his third motion for reconsideration. He reiterated his description of his dire financial circumstances, and proposed that the court assess the $5000 against his recovery in a pending federal lawsuit against Archon and two individuals. In oral argument, his counsel proposed, as an alternative, that the court break the $5000 payment up into two installments.

On March 5, 2018, the court denied the motion. It noted the motion was untimely, but held, on the merits, that Saiyed had not provided sufficient documentary proof that he was unable to pay the $5000. The court noted that

Saiyed had not explained how he was able to pay $1200 a month rent, plus living expenses. The court observed that the CIS did not prove Saiyed's income or expenses. It was incumbent upon Saiyed to present "underlying information."

II.

In his merits brief, Saiyed does not directly address whether the court abused its discretion in declining to waive the $5000 fee in response to the third reconsideration motion. Rather, Saiyed challenges the order entering default judgment; and the order vacating the default judgment on the condition he pay $5000 of plaintiff's fee.

Those arguments are not properly before us. The sole issue before the court on the reconsideration motion leading to the March 5, 2018 order was Saiyed's ability to pay. Saiyed may not, in the guise of an appeal of reconsideration denial, avoid the time bar otherwise precluding appeal of the April 5, 2016 default judgment, and the March 31, 2017 vacatur order.

We addressed a similar issue in Fusco v. Board of Education of City of Newark, 349 N.J. Super. 455 (App. Div. 2002). The plaintiff attempted to secure review of an underlying order granting summary judgment dismissing his constructive discharge and age and disability discrimination complaint, by appealing the order denying his motion for reconsideration. However, the sole

issue in the motion for reconsideration was whether the court erred in refusing to consider an unemployment compensation document that stated plaintiff quit because no job was offered to him after he returned from a sick leave.

We recognized that "in some cases a motion for reconsideration may implicate the substantive issues in the case and the basis for the motion judge's ruling on the summary judgment and reconsideration motions may be the same." Id. at 461. In those cases, "an appeal solely from . . . the denial of reconsideration may be sufficient for an appellate review of the merits of the case . . . ." Ibid. However, we found that was not true in Fusco. The "motion for reconsideration was limited to the single issue of whether the Unemployment Determination provided a valid basis as 'newly discovered evidence' for [the judge] to reconsider his ruling." Ibid.

Likewise here, the motion to reconsider the award of the $5000 fee was limited to the single issue of Saiyed's ability to pay. It did not implicate the correctness of the court's April 5, 2016 or March 31, 2017 orders. In any event, a motion to reconsider the merits of those orders would have been seriously out of time. See R. 4:49-2. In sum, the only order subject to appeal before us is the March 5, 2018 order, denying Saiyed's motion to reconsider the denial of his previous motion to waive the $5000 fee payment.

## III.

We need not even reach the merits of the March 5, 2018 order because (1) Saiyed does not address the order under any point heading, see Almog v. Israel Travel Advisory Serv., Inc., 298 N.J. Super. 145, 155 (App. Div. 1997) (refusing to consider arguments that are not made under appropriate point headings as Rule 2:6-2(a)(5) requires); and (2) he does not provide us with a sufficient record of the December 15, 2017 order, which he asked the court to reconsider, see Cmty. Hosp. Grp., Inc. v. Blume Goldfaden Berkowitz Donnelly Fried & Forte, P.C., 381 N.J. Super. 119, 127 (App. Div. 2005) (stating the court is not "obliged to attempt review of an issue when the relevant portions of the record are not included"). Nonetheless, we acknowledge that throughout his pro se brief, Saiyed refers to his allegedly dire financial circumstances.

That is not enough to persuade us to disturb the trial court's order. "Motions for reconsideration are granted only under very narrow circumstances." Fusco, 349 N.J. Super. at 462. Saiyed was obliged to demonstrate that the trial court based its December 15, order on a "palpably incorrect or irrational basis" or the court overlooked or failed to properly consider the evidence. Ibid. (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)). The court reasonably concluded that Saiyed did not

present to the court any evidence that was unavailable to him before the prior order. Id. at 463 (rejecting plaintiff's effort to bring a "document in under the guise of reconsideration" that was available previously). The court reasonably found that Saiyed failed to provide sufficient documentary proof of his financial circumstances, in order to justify a waiver of the $5000 award. In sum, the trial court did not abuse its discretion in denying Saiyed's third motion for reconsideration.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3504-17T1