**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4575-19

KRISTEN REEDY,

 Appellant,

v.

BOARD OF REVIEW,
DEPARTMENT OF LABOR
and REEDY INTERNATIONAL
CORP.,

 Respondents.

_____

Submitted September 21, 2021 – Decided December 10, 2021

Before Judges Currier and DeAlmeida.

On appeal from the Board of Review, Department of Labor, Docket No. 181799.

Kristen Reedy, appellant pro se.

Andrew J. Bruck, Acting Attorney General, attorney for respondent Board of Review (Sookie Bae-Park, Assistant Attorney General, of counsel; Christopher J. Hamner, Deputy Attorney General, on the brief).

PER CURIAM

Appellant Kristen Reedy appeals from the May 28, 2020 decision of the Board of Review (Board) dismissing as untimely her appeal from the denial of her application for unemployment compensation. We affirm.

I.

Reedy was employed by respondent Reedy International Corp. (RIC) as Vice President of Finance from June 2009 to April 2019 when her position was eliminated. On April 28, 2019, Reedy filed an application with the Department of Labor and Workforce Development for unemployment compensation beginning that date (Claim No. 1). On May 9, 2019, a Deputy Director denied Claim No. 1 because Reedy held more than a five percent interest in RIC during and after her employment and the corporation had not permanently ceased operations. See N.J.S.A. 43:21-19(m)(1)(A).

Reedy appealed the denial of Claim No. 1 to the Appeal Tribunal. On July 18, 2019, after a telephone conference in which Reedy participated, the Appeal Tribunal affirmed the denial of Claim No. 1. Reedy did not include a complete copy of the Appeal Tribunal decision in her appendix. It appears that the Appeal Tribunal relied on Reedy's ownership of 16.3% of RCI as the basis for its decision. Reedy did not appeal the Appeal Tribunal's decision to the Board, the

body authorized to issue a final administrative agency decision on Reedy's application.

In August 2019, Reedy was rehired by RIC to assist with the winding down of the company's business prior to its sale. RIC was sold on December 13, 2019, and Reedy applied for unemployment compensation for the period beginning December 29, 2019 (Claim No. 2).

On February 15, 2020, before Claim No. 2 had been decided, Reedy filed an appeal with the Board. The Board docketed the appeal under Claim No. 1. On May 28, 2020, the Board denied the appeal of Claim No. 1 as untimely because it was filed beyond the twenty-day period established in N.J.S.A. 43:21-6(c) and good cause was not shown for the late filing. The Board also referred Claim No. 2 to the Deputy Director for an initial determination. The Deputy Director denied Claim No. 2 on March 23, 2020. Reedy did not file an appeal to the Appeal Tribunal from the March 23, 2020 decision.

On June 29, 2020, Reedy filed this appeal. In her notice of appeal, Reedy states that she is appealing the May 28, 2020 decision of the Board. In her merits brief, however, Reedy states "[m]y initial intent was not meant to appeal the original denial of July 18th, 2019, but instead the March 23rd, 2020 denial." Reedy's merits brief addresses only the March 23, 2020 decision.

3

## II.

While Reedy's notice of appeal states that she is appealing the Board's May 28, 2020 decision, her merits brief contains no arguments concerning the validity of that decision. She has, in effect, waived her appeal of the May 28, 2020 decision. "[A]n issue not briefed is deemed waived." Pressler and Verniero, Current N.J. Court Rules, cmt. 5 on R. 2:6-2 (2021); Telebright Corp. v. Dir., N.J. Div. of Tax'n, 424 N.J. Super. 384, 393 (App. Div. 2012) (deeming a contention waived when the party failed to include any arguments supporting the contention in its brief).

With respect to Reedy's arguments concerning the validity of the Deputy Director's March 23, 2020 decision, we do not consider decisions not identified in a notice of appeal. See R. 2:5-1(e)(3)(i) (stating that a notice of appeal "shall designate the judgment, decision, action or rule, or part thereof appealed from . . . ."); Fusco v. Bd. of Educ., 349 N.J. Super. 455, 461-62 (App. Div. 2002) (stating that appellate review pertains only to judgments or orders specified in the notice of appeal).

In addition, the March 23, 2020 decision is not a final agency decision subject to review by this court. We cannot review an agency decision until it has become final. R. 2:2-3(a)(2). An appellant must exhaust administrative

4

remedies before filing an appeal in this court. The doctrine of exhaustion of administrative remedies is predicated on the principle that "[t]he expertise of an administrative agency may not be exercised or known until it renders its final decision and usually due deference is accorded to such expertise upon judicial review." Triano v. Div. of State Lottery, 306 N.J. Super. 114, 121 (App. Div. 1997). The Board, which reviews decisions of the Appeal Tribunal, is the only entity authorized to issue a final agency decision with respect to an application for unemployment compensation. N.J.S.A. 43:21-6(h). Reedy has not pursued an appeal to the Board, through the Appeal Tribunal, of the Deputy Director's March 23, 2020 decision.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4575-19