**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1417-22

CHRISTOPHER MAIER and
LAND OF MAKE BELIEVE,

    Plaintiffs-Appellants,

v.

JAMES ZELLERS,

    Defendant-Respondent.

_____

Submitted February 26, 2024 – Decided March 6, 2024

Before Judges Mawla and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Warren County, Docket No. L-0095-22.

Norris McLaughlin, PA, attorneys for appellants (David C. Roberts and Mina Miawad, on the briefs).

Methfessel & Werbel, Esqs., attorneys for respondent (Steven K. Parness, of counsel and on the brief).

PER CURIAM

Plaintiffs Land of Make Believe ("LOMB") and Christopher Maier appeal from a December 2, 2022 order denying reconsideration of an October 18, 2022 order granting defendant James Zeller's motion to dismiss plaintiffs' complaint for failure to state a claim. We reverse and remand for the reasons expressed in this opinion.

LOMB is an amusement and water park located in Hope Township. Maier is its owner and operator. In April 2022, plaintiffs filed a complaint against defendant alleging defamation. A few months later, they amended the complaint, adding a second count for tortious interference.[1] Plaintiffs claimed they had recently learned defendant "concocted a false and defamatory story" that Maier visited defendant at his pizzeria "to warn him not to hire one of [p]laintiffs' former employees who is autistic because the individual is 'stupid.'" They claimed defendant told other members of the Hope community.

Plaintiffs asserted the accusation was untrue and "created to detract attention from [d]efendant paying his employees under the table at his pizzeria." They claimed the accusation "created a firestorm of bad publicity" for them.

---

[1] Plaintiffs' appellate brief indicates they are no longer pursuing their challenge to the dismissal of the tortious interference claim. For these reasons, we address only the challenge to the dismissal of the defamation count.

A-1417-22

On a local Facebook page, Rebecca Smith,[2] whose brother Maier's comment was allegedly referring to, shared the following account:

> [M]y parents asked a local business if [Jimmy[3]] could help out here and there just to get him out of the house and keep him busy (not getting paid)[.]
>
> Much to everyone[']s surprise [Maier] took it upon himself to show up at the local business to talk to the owner about [Jimmy,] saying this: "He is STUPID! He can't do anything and he is going to flip out on you!" He then proceeded to wait for an HOUR for [Jimmy] to show up!

Plaintiffs claimed defendant was the source of the story about Maier's alleged statement. They alleged defendant claimed the interaction was recorded on surveillance footage and that members of the community consequently believe it is verifiable.

Plaintiffs alleged attendance at LOMB "dropped dramatically" since May 2021 because of the false accusation. As a result, they suffered significant financial losses, distress, embarrassment, humiliation, and damages of more than $250,000.

---

[2]  We utilize a pseudonym for this person to protect her brother's privacy and disclosure of his medical condition. R. 1:38(a)(1).

[3]  Pursuant to Rule 1:38(a)(1), we have used a pseudonym for Rebecca's brother as well.

Count one of the complaint alleged:

> Defendant has defamed [p]laintiffs by concocting and making the above-described damaging statements. . . . The statements are false and unprivileged. . . . Because the statements embrace [p]laintiffs' job and business, this constitutes defamation per se. . . . The statements have not been retracted. . . . The conduct actually and proximately caused harm. . . . As a result of [d]efendant's material breach, [p]laintiffs have and will suffer damages in an amount to be determined at trial.

Defendant moved to dismiss the complaint for failure to state a claim pursuant to Rule 4:6-2(e). Following oral argument, the trial court issued the October 2022 order granting the motion. As to the defamation count, the court found the statements attributed to defendant were, on their face, opinions. It further found "[e]ven assuming arguendo that the statements could be construed as either fact or opinion, this [c]ourt follows the standard outlined in Lynch[ v. New Jersey Education Association, 161 N.J. 152, 167-68 (1999)], and therefore the [d]efendant will not be held liable."

Plaintiffs moved for reconsideration. Following oral argument, the court issued the December 2022 order denying the motion. The court found plaintiffs failed to establish what facts or law it had overlooked or erred in interpreting. Further, "[p]laintiff's motion . . . does not assert that the [c]ourt's decision was

'palpably incorrect' or 'irrational' and therefore reconsideration is inappropriate in this case."

I.

Generally, our review of an order adjudicating a motion for reconsideration is deferential to the trial court. Pitney Bowes Bank, Inc. v. ABC Caging Fulfillment, 440 N.J. Super. 378, 382 (App. Div. 2015). Therefore, the denial of a motion for reconsideration is reviewed for an abuse of discretion. Fusco v. Bd. of Educ. of Newark, 349 N.J. Super. 455, 462 (App. Div. 2002).

However, we do "not accord the same deference to a trial judge's legal determinations." Ricci v. Ricci, 448 N.J. Super. 546, 565 (App. Div. 2017) (citing Reese v. Weis, 430 N.J. Super. 552, 568 (App. Div. 2013)). "[T]he trial judge's legal conclusions, and the application of those conclusions to the facts, are subject to our plenary review. Our review of a trial court's legal conclusions is always de novo." Reese, 430 N.J. Super. at 568 (citations omitted).

Plaintiffs argue the trial court erred in dismissing their defamation claim and incorrectly found defendant's statement was an opinion. They contend the complaint established a cause of action for defamation, because it alleged damages and showed defendant made a defamatory statement of fact that was

A-1417-22

false about plaintiffs, which was communicated to a person or persons other than plaintiffs.

Plaintiffs argue defendant's statement was not an opinion because defendant told members of the community Maier made a statement about an autistic person, even though Maier did not make such a statement, and Rebecca then posted defendant's account of Maier's statement on Facebook. Defendant also claimed to have a recording of Maier's alleged statement, which belied the claim he was merely expressing an opinion.

Plaintiffs assert the trial court misapplied the law by refusing to read the complaint liberally. They cite the seminal case of Printing Mart-Morristown v. Sharp Electronics Corporation, in which the Supreme Court reversed the dismissal of a defamation action for failure to state a claim because it found some of the statements alleged in the plaintiffs' complaint were derived from a report and therefore were stated with specific particularity to state a claim. 116 N.J. 739, 769 (1989). Like the statement contained in the report in Printing Mart, plaintiffs argue defendant's alleged statement is not an opinion but a verifiable fact because it was repeated as if it was a fact on Facebook. Thus, the court was mistaken in finding defendant's statements "appear to be opinions on their face."

6

## II.

"A defamatory statement is one that is false and 'injurious to the reputation of another' or exposes another person to 'hatred, contempt or ridicule' or subjects another person to 'a loss of the good will and confidence' in which he or she is held by others." Romaine v. Kallinger, 109 N.J. 282, 289 (1988) (quoting Leers v. Green, 24 N.J. 239, 251 (1957)). See also Salzano v. N. Jersey Media Grp., Inc., 201 N.J. 500, 512 (2010) ("A defamatory statement is one that is false and harms the reputation of another such that it lowers the defamed person in the estimation of the community or deters third parties from dealing with that person."). "The law of defamation is rooted in the notion that individuals should be free to enjoy their reputations unimpaired by false and defamatory attacks." Id. at 505.

Defamation claims must satisfy three elements to survive a motion to dismiss. G.D. v. Kenny, 411 N.J. Super. 176, 186 (2009). Those elements are: "(1) the assertion of a false and defamatory statement concerning another; (2) the unprivileged publication of that statement to a third party; and (3) fault amounting at least to negligence by the publisher." Ibid. (quoting Leang v. Jersey City Bd. of Educ., 198 N.J. 557, 585 (2009)).

 A-1417-22

However, expressions of opinion are protected. <u>Kotlikoff v. Cmty. News</u>, 89 N.J. 62, 68 (1982). As our Supreme Court has explained, there are two types of opinion, namely,

> The first, or "pure[,"] kind is found when the maker of the comment states the facts on which [they] base[ their] opinion of the plaintiff and then states a view as to the plaintiff's conduct, qualifications or character. "Pure" expression of opinion occurs also when the maker of the comment does not spell out the alleged facts on which the opinion is based but both parties to the communication know the facts or assume their existence and the statement of opinion is obviously based on those assumed facts as justification for the opinion. The second, or "mixed[,"] type of expression of opinion is one that, while an opinion in form or context, is apparently based on facts about the plaintiff or [their] conduct that have neither been stated by the defendant nor assumed to exist by the parties to the communication.
>
> [<u>Id.</u> at 68-69 (citing <u>Restatement (Second) of Torts</u> § 566 cmt. b) (Am. L. Inst. 1965).]

Here, it is clear plaintiffs pled a cause of action for defamation because if proved, defendant's alleged statement was not a statement of opinion. It was neither an expression of his view of facts nor an opinion about facts not stated or assumed by the parties. Rather, the alleged statement was that defendant repeated what he believed to be facts: that Maier called an autistic person stupid.

A-1417-22

Plaintiffs asserted defendant made this false statement, which in turn harmed their reputations. They alleged defendant published the statement to a third party because he told Rebecca, who posted it on Facebook, and her post was then "shared widely in the Hope community." The complaint identified defendant as the source of the defamatory statement and alleged the defamatory statement damaged plaintiffs' reputations and deterred third parties from attending LOMB.

Finally, Lynch, which the trial court relied upon, is distinguishable. The case involved a politician who sued the opposition for defamation made during a political campaign. 161 N.J. at 160. Our Supreme Court affirmed the dismissal of the plaintiff's complaint in part because "[p]olitical discourse depends on the expression of opinion. In an election for public office, that discourse often entails a subjective appraisal of the qualifications of a candidate. Emotion, partisanship, or self-interest, although they may impair the appraisal's value, do not justify its suppression." Id. at 168. The statement here was not a political discourse and, as we have concluded, was neither a pure nor a mixed opinion.

Moreover, Lynch had a different procedural posture in that the trial court's ruling was on a motion for summary judgment. Id. at 160. Although like Lynch,

the motion here asked the court to adjudicate the dispute as a matter of law, the standard on a motion to dismiss for failure to state a claim is far more liberal than the summary judgment standard. For these reasons, we are constrained to conclude the court misapplied the law to the facts when it dismissed plaintiffs' complaint for failure to state a claim.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1417-22