**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3817-23

FRANK CASTELLA and
CAROLINE RUBANO
CASTELLA,

      Plaintiffs-Appellants,

v.

GERALD J. LEPIS, ESQ.,
THE LAW OFFICE OF GERALD
J. LEPIS, and HUDSON
REALTY ABSTRACT
COMPANY, INC.,

      Defendants-Respondents.

_____

        Argued October 1, 2025 – Decided October 28, 2025

        Before Judges Currier and Berdote Byrne.

        On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-1554-22.

        Kenneth S. Thyne argued the cause for appellants (Simon Law Group, LLC, attorneys; Kenneth S. Thyne, of counsel and on the briefs).

John L. Slimm argued the cause for respondents (Marshall Dennehey, PC, attorneys; John L. Slimm and Jeremy J. Zacharias, on the brief).

PER CURIAM

Plaintiffs Frank Castella and Caroline Rubano Castella appeal from an order dismissing their legal malpractice complaint with prejudice. The underlying dispute involved defendants' alleged legal malpractice during plaintiffs' 1995 purchase of commercial property in Jersey City. The trial court first dismissed the complaint without prejudice for plaintiffs' failure to provide complete discovery responses and later entered dismissal with prejudice after plaintiffs did not cure the deficiencies within sixty days.

We affirm the trial court's dismissal with prejudice. The record reflects plaintiffs had numerous opportunities to remedy their discovery deficiencies, with defendants repeatedly alerting them to specific shortcomings and the court granting multiple adjournments. Despite these opportunities, plaintiffs failed to provide the required discovery. Accordingly, the trial court acted within its discretion, and this is the rare case where dismissal of the complaint with prejudice for failure to provide discovery is appropriate.

A-3817-23

As the procedural history is germane to this appeal, we recount it in detail. In November 1995, plaintiffs purchased commercial property for $80,000 with defendant Lepis serving as their legal counsel for the transaction. Title was taken in plaintiffs' personal names rather than in a business entity. Plaintiffs renovated the property and initially operated a chiropractic practice at the location before subsequently leasing it to a daycare center tenant. In May 2016, the New Jersey Department of Environmental Protection (NJDEP) conducted a vapor intrusion study, collecting sub-slab and indoor air samples. It found tetrachloroethene (PCE) at concentrations exceeding applicable residential screening levels. As a result of the findings, plaintiffs were classified by NJDEP as persons responsible for conducting remediation under the Site Remediation Reform Act and Spill Compensation and Control Act.

NJDEP filed a first priority lien against the property, seeking to satisfy its cleanup and removal costs. Plaintiffs submitted a claim to the New Jersey Spill Compensation Fund, seeking, among other things, compensation for alleged property value diminution. The Environmental Claims Administration issued a "Notice of Intent to Deny," referencing plaintiffs' failure to conduct due

diligence before purchasing and stating plaintiffs were "strictly liable, without regard to fault, for all cleanup and removal costs."

In May 2022, plaintiffs filed their complaint against defendants alleging claims for legal malpractice, breach of fiduciary duty, negligent misrepresentation, and breach of contract, all arising from defendants' handling of the 1995 real estate transaction. Plaintiffs asserted, among other things, if they had been adequately counseled about the former dry-cleaning use of the property, they would have taken title through a corporate entity, obtained an environmental assessment prior to purchase, or declined to proceed with the transaction.

Defendants served interrogatories and document requests on July 1, 2022. On June 28, 2023, defendants sent a written request for plaintiffs to submit answers to interrogatories and damages calculations within the next seven days. A follow-up demand was sent on July 18, 2023, noting the need for the responses in order to proceed with depositions, and reiterating the request for damages calculations. On July 24, 2023, defendants requested, and plaintiffs consented

A-3817-23

to, a sixty-day extension of the initial discovery period, moving the discovery end date from September 24, 2023 to November 24, 2023.[1]

On July 26, 2023, defendants again requested answers to interrogatories and documents within seven days to avoid their filing of a motion to compel discovery. On September 6, 2023, after plaintiffs had not responded, defendants filed a motion to dismiss plaintiffs' complaint without prejudice for failure to provide discovery pursuant to Rule 4:23-5(a)(1). Plaintiffs did not oppose the motion, and the trial court entered an order dismissing the complaint without prejudice on September 22, 2023.

On December 1, 2023, defendants filed a motion for dismissal with prejudice pursuant to Rule 4:23-5(a)(2), emphasizing over sixty days had elapsed since the dismissal without prejudice and plaintiffs still had not provided complete responses. On December 28, 2023, plaintiffs filed a motion to restore the complaint, submitting their certified answers to interrogatories and responses to the notice to produce. However, plaintiffs did not provide an expert report in response to Interrogatory No. 10. Instead, they stated "to be provided." Also, for Interrogatory No. 16, which requested the nature, basis, amount, and

---

[1] November 24, 2023 was the final discovery end date. Plaintiffs did not move to extend discovery.

A-3817-23

method of calculating damages, plaintiffs referenced their answer to Interrogatory No. 11, which simply restated their claim and added: "[W]e are not certain of the amount of damages we [have] incurred." Defendants opposed restoration of the complaint and objected to the answers as incomplete and lacking any expert report or damages calculation.

On January 17, 2024, plaintiffs submitted a certification stating: "I [sic] have been advised by my attorney that the [d]efendants filed a [m]otion to [d]ismiss with [p]rejudice because of a previous answer that I have not fully responded to regarding demands for discovery."

The trial court scheduled oral argument on the motion to dismiss with prejudice for January 22, 2024. However, on January 19, 2024, plaintiffs' counsel requested an adjournment, which the court granted over defendants' objection.

On February 8, 2024, the trial court heard oral argument both on defendants' motion to dismiss with prejudice and the plaintiffs' motion to restore. The trial court agreed to adjourn the motion again to allow plaintiffs to correct the discovery deficiencies, instructing: "[I]n four weeks, if there's an expert report, . . . [t]hen we could talk about restoring the case and paying costs." The court then scheduled oral argument for March 1, 2024. However, on

6

February 28, 2024, plaintiffs requested another adjournment of two weeks as they were unable to provide an expert report by March 1, 2024. The trial court again granted the adjournment over defendants' objection and rescheduled oral argument for March 15, 2024. On March 13, 2024, plaintiffs provided an expert report by Barry Levine, Esq., who opined on the applicable standard of care with respect to legal malpractice but only briefly addressed causation and failed to provide a computation of damages or specification of plaintiffs' losses.

The trial court heard oral argument again on the motions on March 15, 2024. Defendants noted the expert report lacked the amount of the damages, how damages had been computed, and any numbers with respect to plaintiffs' claimed future losses. The trial judge noted over six months had passed and "nothing ha[d] changed," stating he "tried to stretch this out . . . for a long period of time to resolve the issue because [he wanted] the case adjudicated on the merits."

On April 4, 2024, the trial court entered an order dismissing plaintiffs' complaint with prejudice and denying plaintiffs' pending motion to restore as moot. It found plaintiff's answers to interrogatories were "not fully responsive" and plaintiffs "fail[ed] to provide the defendants the requested expert[] reports or the nature of the amount of damages they're seeking." The trial judge noted:

"[I]t's probably one or [] two occasions in my entire [twelve] years on the bench that I had to dismiss with prejudice. . . ."

Plaintiffs filed a motion for reconsideration, arguing the deficiencies were the result of their counsel's neglect and urging the court to impose a lesser sanction. On June 20, 2024, the trial court issued an oral order denying reconsideration. The court explained:

> This [c]ourt found [p]laintiffs' answers to [d]efendants' interrogatories were not really responsive. Moreover, this [c]ourt found that although [p]laintiffs provided an expert report, the report was inadequate with respect to damages. Lastly, this [c]ourt found that . . . plaintiffs failed to establish exceptional circumstances and that this report lacked sufficient information. . . .

The trial court issued a written order on June 28, 2024, providing additional reasoning for its denial of plaintiffs' motion for reconsideration. Specifically, the court addressed plaintiffs' reliance upon an unpublished opinion, and distinguished it from this case, noting the plaintiffs in the unpublished case "were unaware of their attorney's multiple missteps and were unaware of the pending dismissal[,]" unlike the plaintiffs here. The court found plaintiffs "were aware of the pending [m]otion to [d]ismiss with [p]rejudice, evidenced by their January 1[7], 2024[] certification saying the same." The court added: "[P]laintiffs' counsel also certified he notified his clients of the pending [m]otion to [d]ismiss with [p]rejudice not later than [seven] days prior

to the return date of the [m]otion, pursuant to R. 4:23-5(a)(2)." The trial court found the discovery deficiencies had not been fully addressed. Accordingly, plaintiffs' motion for reconsideration was denied. This appeal followed.

II.

A trial court's decision on a discovery matter is "entitled to substantial deference" and "will not be overturned absent an abuse of discretion." DiFiore v. Pezic, 254 N.J. 212, 228 (2023). Motions for reconsideration, governed by Rule 4:49-2, are also reviewed pursuant to an abuse of discretion standard. AC Ocean Walk, LLC v. Blue Ocean Waters, LLC, 478 N.J. Super. 515, 523 (App. Div. 2024). An abuse of discretion requires the moving party demonstrate a decision was "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Borough of Englewood Cliffs v. Trautner, 478 N.J. Super. 426, 437 (App. Div. 2024) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)). However, we owe no special deference to the trial court's conclusions of law or the legal consequences that flow from established facts. Cherokee LCP Land, LLC v. City of Linden Plan. Bd., 234 N.J. 403, 414-15 (2018).

Pursuant to Rule 4:49-2, reconsideration of a final order is reserved for cases falling within a narrow scope "where either the court's decision was made

9

upon a 'palpably incorrect or irrational basis,' or 'it is obvious that the court either did not consider, or failed to appreciate the significance of probative, competent evidence.'" State v. Keogh, 481 N.J. Super. 67, 84 (App. Div. 2025) (quoting Fusco v. Bd. of Educ. of Newark, 349 N.J. Super. 455, 462 (App. Div. 2002)). This is because "our jurisprudence imposes more stringent standards on reconsideration of, or relief from, final orders and judgments, in recognition of the value placed on finality, and the stability of judgments." Ibid.

Failure to comply with a demand for discovery subjects the non-compliant party to dismissal in accordance with Rule 4:23-5. The Rule creates a two-step dismissal procedure. First, the compliant party moves for dismissal without prejudice. R. 4:23-5(a)(1). If that motion is granted, the non-compliant party has sixty days to cure and move to vacate the dismissal order. R. 4:23-5(a)(2). The compliant party may move to dismiss with prejudice only after the sixty-day period has expired if the non-compliant party has not cured the discovery defects. Ibid. The motion to dismiss with prejudice "shall be granted" unless a motion to vacate is filed by the non-compliant party and "either the demanded and fully responsive discovery has been provided or exceptional circumstances are demonstrated." Ibid.

A-3817-23

Seventy days after the order dismissing the complaint without prejudice was entered, defendants filed a motion for dismissal with prejudice pursuant to Rule 4:23-5(a)(2). Accordingly, the trial judge was required to dismiss the complaint with prejudice unless plaintiffs filed a motion to vacate and "either the demanded and fully responsive discovery ha[d] been provided or exceptional circumstances [were] demonstrated." R. 4:23-5(a)(2).

Plaintiffs contend they had served the expert report, responsive answers to interrogatories, and all documents within their possession. However, it must be noted the expert report was not submitted until March 13, 2024, 174 days after the order dismissing the complaint without prejudice was entered and after numerous hearings and requests to produce.

Furthermore, the trial court correctly determined the expert report was lacking. When the expert report was ultimately produced, it did not specify any monetary amount representing damages or future losses as alleged in the complaint, nor did it adequately address causation. It merely opined as to the applicable standard of care and defendants' alleged deviation from it. Although the expert report included a section titled "damages," it neglected to state a monetary figure and simply characterized the damages as "substantial costs." Additionally, the trial court correctly determined plaintiffs' responses were not

11

sufficiently responsive. Their response to Interrogatory No. 16, which requested the nature, basis, amount, and method of calculating damages, referenced their answer to Interrogatory No. 11, which simply restated their claim and added: "[W]e are not certain of the amount of damages we incurred." After nearly two years, plaintiffs provided nothing regarding damages and little regarding causation, rendering their responses "patently inadequate." See Zimmerman v. United Servs. Auto. Ass'n, 260 N.J. Super. 368, 377 (App. Div. 1992) (distinguishing responses not fully meeting the propounder's expectations from "patently inadequate" responses).

In considering whether to dismiss claims due to a discovery violation, "the court must consider a number of factors, including whether . . . the defendant suffered harm, and if so, to what degree." Gonzalez v. Safe & Sound Sec. Corp., 185 N.J. 100, 115 (2005) (citing Abtrax Pharms., Inc. v. Elkins–Sinn, Inc., 139 N.J. 499, 514 (1995)). Furthermore, our Supreme Court has held "when the plaintiffs' or plaintiff's disregard of a court order impairs 'the defendant's ability to present a defense on the merits,' the defendant will be deemed to have suffered irreparable prejudice." Id. at 116 (quoting, State v. One 1986 Subaru, 120 N.J. 310, 315 (1990)).

The trial court found plaintiffs had failed to provide any information in the expert report and answers to interrogatories quantifying the amount of damages sought. In addition, while the expert report briefly mentioned causation and stated defendants' deviation from the standard of care "was the proximate cause of the damages suffered by the [p]laintiffs[,]" the report failed to elaborate on causation any further. See Froom v. Perel, 377 N.J. Super. 298, 313 (App. Div. 2005) ("To establish the requisite causal connection between a defendant's negligence and plaintiff's harm, plaintiff must present evidence to support a finding that defendant's negligent conduct was a 'substantial factor' in bringing about plaintiff's injury, even though there may be other concurrent causes of the harm."). Defendants were prejudiced by those deficiencies because without such information they could not adequately prepare a defense against legal malpractice or move for summary judgment. See Morris Props., Inc. v. Wheeler, 476 N.J. Super. 448, 461 (App. Div. 2023) ("Plaintiffs' failure to present expert evidence on proximate causation and damages in legal malpractice case entitles defendants to judgment dismissing the case as a matter of law."); see also Kaplan v. Skoloff & Wolfe, P.C., 339 N.J. Super. 97, 103-04 (App. Div. 2001) (finding expert testimony is required to establish the value of the claim in a legal malpractice action).

A review of the record demonstrates plaintiffs received ample opportunity to remedy their noncompliance. Throughout the pretrial process, defendants continuously alerted plaintiffs to specific deficiencies, especially the lack of a damages figure and the lack of an expert report, necessary for their own rebuttal expert report and depositions. The court adjourned several hearings, delineated what curative actions were necessary, and made restoration contingent on an expert report addressing causation and damages. Yet after almost two years since defendants' first request for production, plaintiffs still had not provided the requisite discovery, and there is nothing in the record to suggest a lesser sanction would have compelled compliance. Moreover, plaintiffs presented no exceptional circumstances that would excuse non-compliance. Given the trial court's repeated adjournments, explicit findings regarding the continued inadequacy of discovery responses, and express warnings the case would not be restored absent a sufficient expert report, the trial court did not abuse its discretion in dismissing the complaint with prejudice.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-3817-23